**Willie John JOLLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 871–84.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 4, 1987.

William W. Vance, Bryan, for appellant.

Bill R. Turner, Dist. Atty. and Terrence Keel, Former Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

The appellant was indicted for the offense of aggravated sexual abuse as proscribed by § 21.05 of the Texas Penal Code.[1] Following a jury trial, the appellant was convicted and assessed punishment at seventy-six years' confinement in the Texas Department of Corrections and a $10,-000.00 fine.

On appeal to the Fourteenth Court of Appeals the appellant asserted, *inter alia,* and most importantly, that the trial court's admission of a pre-trial videotaped interview of the complainant, as authorized by Art. 38.071, § 2, V.A.C.C.P., denied his "... right to confront and cross examine the witness." In a published opinion, *Jolly v. State,* 681 S.W.2d 689, 695 (Tex.App.— Houston [14th Dist.] 1984, pet. granted), the Court of Appeals disagreed with the appellant's contentions and decided that Art. 38.071, § 2, V.A.C.C.P., was not an unconstitutional deprivation of appellant's right of confrontation. In light of our recent decision in *Long v. State,* 742 S.W.2d 302 (Tex.Cr.App.1987) we find that the Court of Appeals erred and appellant's conviction must be reversed.

The facts in the case at bar are virtually indistinguishable from those of *Long, supra,* with the exception that in the instant case although the complaining witness was available to testify at the trial and had been subpoenaed, she was not called.

In *Long v. State, supra,* this Court after an extensive analysis of the Sixth and Fourteenth Amendment to the United States Constitution and Art. I § 10 of the Texas State Constitution in relation to Art. 38.071, § 2, V.A.C.C.P., held the following:

Based on our previous observations and authorities and for the reasons stated, we find that Art. 38.071, § 2, *supra,* is both facially and as it was applied to the appellant an unconstitutional deprivation of his right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution.

In addition, and independent of the above finding, we further find that Art. 38.071, § 2, *supra,* is both facially and as it was applied to this appellant an unconstitutional deprivation of his state guaranteed right of confrontation under Art. I § 10 of the Texas Constitution. *Id.,* p. 323.[2]

1. Now § 22.011 and § 22.021, Tex. Penal Code (Supp. 1986–1987).

2. This Court in *Long, Id.,* additionally found that Art. 38.071 § 2 V.A.C.C.P., was violative of both the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Course of Law provision of Art. I § 19 of the Texas State Constitution as the procedure which was permitted by the statute in question allowed the prosecution to in essence introduce their case-in-chief twice, permitting the state to bolster its version of the facts and thus unconstitutionally alter "the system to the extent that both 'the perception as well as the reality of fairness ...,' *Id.,* are exchanged for the advantage integral to the duplication of evidence." *Id.* p. 322. This procedure was found to stray too far from the accepted trial practice giving the prosecution a benefit at the expense of fundamental fairness to the defendant.

There can also be no question that under the factual setting of this case Art. 38.071 § 2 V.A.C.C.P., was unconstitutional as applied to the appellant under both the Federal and State Consti-

Having determined in *Long, supra,* that Art. 38.071, § 2, V.A.C.C.P., is facially unconstitutional under both the Federal and State Constitutions we reverse the judgment of the Court of Appeals and the case is remanded to the trial court.[3]

TEAGUE, J., concurs in the result.

CAMPBELL, J., joins Footnote 2, finding Art. 38.071, § 2, V.A.C.C.P. unconstitutional as violative of the due process and due course of law clauses.

DAVIS, McCORMICK and WHITE, JJ., dissent.

tution. As was said in *Long, Id.,* "Nowhere and at no time in Anglo–American jurisprudence has an accused ever been required to call as a witness the accuser in order to enjoy the fundamental right of cross-examination. That is, until Art. 38.071 § 2, *supra.* It is an illogical as well as unconstitutional scheme to place a defendant, who, again, must be presumed innocent, in the untenable position of either requiring the child to testify and thereby run the very real risk of incurring the wrath of the jury or forgo the right to invoke" ' "the greatest legal engine ever invented for the discovery of truth," ' *'California v. Green* [399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)], *supra,—* cross-examination.' " *Id.,* p. 321.

3. We also granted the appellant's petition for discretionary review to consider several other grounds relevant to the admissibility of the pretrial videotaped interview. However, because of our disposition of this case under *Long, supra,* we need not reach these grounds.