**Dwight Richmond HEMPHILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–90–01120–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 5, 1992.

William M. LauBach, Houston, for appellant.

Denise V. Wilkerson, Galveston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant entered a plea of not guilty to the offense of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.021(a) (Vernon 1983). He was convicted, and the jury assessed punishment at 10 years' probation. The judgment is affirmed.

In his first point of error, appellant contends that the trial court committed "fundamental error" by admitting into evidence the videotaped testimony of his six-year-old son, the complaining witness, who was four at the time of the videotaping. He claims that this error "rendered the proceedings fundamentally unfair," and he urges this court to "look at the totality of the trial to determine whether [appellant's] rights have been violated." As authority for this contention, appellant cites *Briggs v. State*, 789 S.W.2d 918 (Tex.Crim.App.1990).

In *Briggs*, the Court reviewed an unpublished opinion from the Fort Worth Court of Appeals. In a situation similar to the present one, the Fort Worth court reversed an aggravated sexual assault conviction based on the holding in *Long v. State*, 742

S.W.2d 302 (Tex.Crim.App.1987). The Fort Worth court noted that the appellant made no objection on the basis of denial of confrontation or due process in the trial court to the admission of videotaped testimony of the child victim, admitted pursuant to TEX. CODE CRIM.PROC.ANN. art. 38.071 (Vernon Supp.1989). In spite of the appellant's failure to object, the Fort Worth court held that since *Long* declared the former Article 38.071 facially unconstitutional, that provision was void from its inception, and appellant was "relieved of the obligation of objecting at trial." *Rose v. State*, 752 S.W.2d 529, 553 (Tex.Crim.App.1987). The court of appeals considered the admission of the videotape to be "fundamental error" pursuant to TEX.R.CRIM.EVID. 103(d) and, finding such error not to be harmless, reversed.

In reviewing this decision, the Court of Criminal Appeals overruled *Long*, holding that although "in a given case it may operate to deprive an accused of confrontation or due process and due course of law.... we now reject the premise that the statute ... is unconstitutional on its face." *Briggs*, 789 S.W.2d at 921. In addressing the situations in which Article 38.071 may "function" in an unconstitutional manner, the court stated:

> In some cases the accused may well be forced to call the child to the stand himself, or else forgo his right to cross-examine the principal witness against him.... In the event the State merely makes the child "available," but forces appellant to call her to the stand, the statute may indeed function to deprive the accused of due process and due course of law.

*Id.* at 922. When the State calls the child to the stand during its case in chief, however, appellant is permitted the opportunity to cross-examine the child without appearing himself to violate the purpose of the statute, namely to keep the child victim from experiencing the trauma of having to testify in court. *Id.* In this scenario, there would be no violation of the defendant's confrontational rights.

Here, as in *Briggs*, the State called the child victim as a witness during its case in chief, and appellant cross-examined him, thereby avoiding a violation of appellant's confrontational rights. Additionally, a comparison of the videotaped testimony to the child's live testimony at trial fails to show a "duplication of the State's evidence" that can be said to have rendered appellant's trial "fundamentally unfair." *Briggs*, 789 S.W.2d at 922. Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the trial court improperly admitted into evidence the outcry statements of the child. He asserts that the court failed to comply with the requirements of TEX.CODE CRIM.PROC.ANN. art. 38.-072 for two reasons: (1) the court admitted the testimony without first making a finding that the outcry statements were reliable based upon the time, content, and circumstances under which they were made, and (2) the statements failed to describe the offense for which appellant was tried. At trial, appellant made three different objections to the admission of the outcry statements. The first objection was on "hearsay" grounds. The second was on procedural grounds, relating to the requirement that notice of the State's intention to use such testimony must be given to the defendant on or before the 14th day before trial. The third objection was on the ground that the State's outcry witness was not the first person over the age of 18 to whom the child made a statement about the offense. It is well-settled that errors presented on appeal must be the same as the objections raised at trial. *Sharp v. State*, 707 S.W.2d 611, 619 (Tex.Crim.App. 1986). Here, the objections raised by appellant at trial are insufficient to preserve the alleged errors of which he now complains. Additionally, at both instances in which the State elicited testimony from the outcry witness concerning the statements made to her by the child, appellant failed to make any objection. In the first instance, appellant objected on procedural grounds, but not until *after* the testimony had already come in. Even if that objection had been timely, the second time the evidence was offered, appellant made no objection at all. Any error in admitting evidence is

cured where the same evidence comes in elsewhere without objection. *Hudson v. State,* 675 S.W.2d 507, 511 (Tex.Crim.App. 1984). Appellant's second point of error is overruled.

 In his third point of error, appellant contends that the evidence was insufficient to support a finding that he "intentionally and knowingly caus[ed] penetration of the anus of [the child]." He asserts that the child's testimony at trial was filled with inconsistencies and therefore could not have been sufficient to support appellant's conviction beyond a reasonable doubt. When faced with questions concerning sufficiency of the evidence, this court must determine whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Chambers v. State,* 805 S.W.2d 459, 460 (Tex.Crim.App. 1991) (*citing Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Child victims of violent crimes cannot be expected to testify with the same clarity and ability as adult victims. *Villalon v. State,* 791 S.W.2d 130, 134 (Tex.Crim. App.1990). There is no requirement that the child be able to testify as to penetration.[1] *Id.* at 133. The slightest proof of penetration is sufficient so long as it is proved beyond a reasonable doubt. *Id.* Here, the child testified on videotape and at trial to the penetration of his anus by appellant's penis. On video, he stated that appellant "put his penis in my bottom," and he demonstrated this with anatomically correct dolls. Later, on direct examination he testified as follows:

Question: Did he put this part (penis) inside your bottom?

Answer: Yes.

Question: What else did he do?

Answer: He put a rubber band ... on his penis. Then he put it in my bottom.

And on cross-examination:

Question: She said, did he do anything to your butt?

Answer: I said, "Yes."

Question: You said it was a finger, didn't you?

Answer: And I also said it was his penis.

Additionally, as he had done for the videotaped interview, the child demonstrated the act of anal penetration that appellant had inflicted upon him at trial using dolls. Considering this evidence in the light most favorable to the verdict, it is clear that a rational trier of fact could have found appellant guilty beyond a reasonable doubt. The "inconsistencies" that appellant points to in his brief fail to show otherwise. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

1. Although the court took this language from *Luna v. State,* 515 S.W.2d 271 (Tex.Crim.App. 1974), a case involving charges of rape, the *Villalon* court applied the same reasoning to its own facts involving the aggravated sexual assault of a minor.