**John Howard MOON, Appellant**

v.

**The STATE of Texas, State.**

**Ruth Allene MOON aka Ruth Deshazo Moon, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–92–188–CR to 2–92–191–CR.**

Court of Appeals of Texas,
Fort Worth.

June 22, 1993.

Discretionary Review Refused
Sept. 22, 1993.

Jerry Buckner, Weatherford, for appellants.

Tim Curry, Crim. Dist. Atty., John A. Stride, Asst. Dist. Atty., Fort Worth, for State.

Before WEAVER, HICKS and FARRAR, JJ.

## OPINION

HICKS, Justice.

Appellants, Ruth Allene Moon and her husband John "Johnny" Moon, appeal their convictions for aggravated sexual assault. After a jury trial, the court assessed punishment at seventy-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellants bring five points of error on appeal. We affirm.

The victims in this case, D.D. and J.D., are appellants' niece and nephew.[1] Both children testified to numerous acts of sexual abuse by appellants.

Appellants in their first and second points of error allege the trial court erred in admitting into evidence the videotapes of the children because the State failed to

---

1. The victims have two other siblings, N.D. and S.D.

notify appellants about the existence of the videotapes; each videotape constituted more than one continuous statement; many of the interviewer's questions were leading; and the videotapes bolstered the children's testimony.

Article 38.071 of the Texas Code of Criminal Procedure governs the admissibility of a child's recorded testimony in an aggravated sexual assault trial. TEX.CODE CRIM. PROC.ANN. art. 38.071, § 1 (Vernon Supp. 1993). A recording of a child's oral statements, which is made before a complaint has been filed or an indictment returned, can be admitted into evidence if twelve requirements have been "substantially satisfied." TEX.CODE CRIM.PROC.ANN. art. 38.-071, § 5(a). It is clear from a careful reading of the statute that something short of strict compliance is acceptable. Under the statute, the State is required to notify the court, the defendant, and the defendant's attorney of the existence of such a recording. TEX.CODE CRIM.PROC.ANN. art. 38.071, § 5(a)(7).[2]

The initial complaint and investigation of the Moons began on November 13, 1989. An arrest warrant for the Moons was issued on December 14, 1989. Videotaped interviews of the children, D.D. and J.D., were conducted on November 29, 1989. Indictments were presented and filed on January 25, 1990.

■ The issue before this court is whether appellants received notice that the videotapes were going to be used at trial.

The most important evidence regarding this issue is that the District Attorney's records contained a file-marked letter dated April 5, 1990 to appellant Johnny Moon which informed him of the possible use of a videotape. Moreover, the evidence shows that appellants' attorney, Mr. Jerry Buckner, began representing the Moons on February 13, 1990. The court appointed him counsel on February 16, 1990. Mr. Buckner acknowledged he was aware of the Tarrant County District Attorney's Office Open File Policy. It must also be pointed out that the December 14, 1989 arrest affidavit mentioned the videotapes. The prosecutor also stated that he orally informed Mr. Buckner of the possible use of the videotapes soon after his February appointment. There is even a May 30, 1990 letter from Mr. Buckner to the District Attorney about reviewing the tapes by his legal assistant.

Appellants and appellants' lawyer received notice that the District Attorney would seek to use the videotapes as evidence in this trial. Under these facts, we find that the State substantially complied with the notice requirement.

■ The appellants also allege that the State violated article 38.071, section 5(a)(12) in that the State videotaped the children after the indictments were returned.

Section 5(a)(12) provides a recording is admissible if:

only one continuous recording of the child was made or the necessity for pauses in the recordings ... has been established at trial.

TEX.CODE CRIM.PROC.ANN. art. 38.071, § 5(a)(12) (Vernon Supp.1993).

In the instant case, the State only offered into evidence videotaped interviews with D.D. and J.D. which were made on November 29, 1989. Other videotaped interviews of these children, which were made on November 13, 1989 and July 3, 1990, were not offered because they contained allegations against different defen-

**2.** This section states:

Sec. 5. (a) On the motion of the attorney representing the state of the attorney representing the defendant and on a finding by the trial court that the following requirements have been substantially satisfied, the recording of an oral statement of the child made before a complaint has been filed or an indictment returned charging any person with an offense to which this article applies is admissible into evidence if:

....

(7) immediately after a complaint was filed or an indictment returned charging the defendant with an offense to which this article applies, the attorney representing the state notified the court, the defendant, and the attorney representing the defendant of the existence of the recording and that the recording may be used at the trial of the offense.

TEX.CODE CRIM.PROC.ANN. art. 38.071, § 5(a)(7).

dants. Furthermore, there are no pauses in the videotapes the State admitted so appellants' argument is without merit. We find that there was no improper use of the tapes by the State in this matter.

■ Appellants also allege that the State improperly used the videotapes to bolster the children's testimony because the tapes were not used primarily for investigation but rather were used primarily for courtroom testimony. This contention is without merit.

■ The State showed the videotapes to the jury and then the children testified before the jury. The publication of the videotapes allowed appellants to cross-examine and impeach the children. A review of the record clearly shows the videotapes were not used to bolster the children's testimony. *See Hemphill v. State*, 826 S.W.2d 730, 731–32 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd, untimely filed) (any duplication of videotaped evidence by live testimony did not render defendant's trial fundamentally unfair). Moreover, if improper bolstering occurred, it was harmless because the videotapes provided appellants with the opportunity to impeach the children during their live testimony. *See Clark v. State*, 781 S.W.2d 954, 958–59 (Tex.App.—Fort Worth 1989, no pet.) (improper admission of videotape harmless where videotape provided defendant with most powerful weapon for attacking victim's credibility on cross-examination).

The appellants also complain about leading questions posed to the children on the videotapes, and they allege that the trial court erred in admitting the videotapes because this is a violation of article 38.071, section 5(a)(4). Appellants also contend that the leading questions and their answers should have been edited by the court before publication to the jury.

Section 5(a)(4) provides a recording is permissible if:

> the statement was not made in response to questioning calculated to lead the child to make a particular statement.

TEX.CODE CRIM.PROC.ANN. art. 38.071, § 5(a)(4) (Vernon Supp.1993).

■ A trial court is given some leeway in a case dealing with a child witness and the rule against leading questions is relaxed somewhat. *Jolly v. State*, 681 S.W.2d 689, 696 (Tex.App.—Houston [14th Dist.] 1984), *rev'd on other grounds*, 739 S.W.2d 345 (Tex.Crim.App.1987).

■ In reviewing the videotape evidence in this case, we are persuaded that the interviewer's questions were not leading questions. The interviewer focused on the children's thoughts in order to help them present reliable testimony. In reviewing the videotapes, we also see that the children volunteered names of individuals they say committed acts against them without any suggestions from the interviewer. The children gave fairly responsive answers. Under article 38.071, section 5(a)(4), it is clear that the children's statements were not made in response to questioning calculated to lead the child to make any particular statement.

■ Finally, the trial court reviewed the videotapes before they were published to the jury. Appellants never asked the court to edit out questions and answers they challenged as leading and so they waive this allegation on appeal. Points of error one and two are overruled.

■ In point of error three, appellants allege that the trial court erred in allowing the State to present testimony about plethysmograph studies when it would not allow appellants to present testimony about polygraph results. Appellants allege that they were thus denied due process of law when the expert witness was allowed to disclose underlying data favorable to the State but not testify as to underlying data favorable to the appellants.

■ Polygraph results are inadmissible for any purpose in criminal law. *Taylor v. State*, 630 S.W.2d 824, 826 (Tex.App.—Houston [1st Dist.] 1982, no pet.). Appellants argue that plethysmographs and polygraphs are quite similar in nature. Since Texas law does not permit the admission of polygraph examinations, he urges the adoption of the same rule for plethysmographs.

Rule 705 of the Texas Rules of Criminal Evidence states: "The expert may in any event disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data, subject to subparagraphs (b) through (d)." TEX. R.CRIM.EVID. 705(a).

Dr. Raymond Finn, a clinical psychologist, who was an expert witness for appellant, testified initially on voir dire outside the presence of the jury. He testified that he evaluated Johnny Moon. He stated that his evaluation and assessment of appellant was 99% concluded before he learned the results of the plethysmograph. He further testified that his evaluation was not based on either exam—the polygraph or the plethysmograph. Dr. Finn also testified that he found the plethysmograph to be somewhat unreliable. Because Dr. Finn testified that 1% of his opinion was based on the plethysmograph, the trial court was correct in allowing the State to cross-examine the doctor about the testimony. Appellants complain that the State was later allowed to call its expert witness, John Brogden, as a rebuttal witness, who testified before the jury about the plethysmograph report itself.

Appellants also allege that the State committed error under rule 705(c), which states: "[T]he opinion is inadmissible unless the party offering the testimony first establishes sufficient underlying facts or data." TEX.R.CRIM.EVID. 705(c). The appellants' position is that the State offered expert testimony without laying a predicate as required by law. We overrule appellants' contention.

■■■■ An expert witness can be impeached by inadmissible hearsay evidence only if it can be established that the material is recognized as an authority in a particular field or area of expertise. *See Ramirez v. State*, 815 S.W.2d 636, 651–52 (Tex.Crim.App.1991).

. Dr. Finn testified not only did he not rely on the plethysmographs but that he found them to be capable of being miscalculated. Appellants argue that the results should have then been inadmissible.

Dr. Finn testified before the jury that he looked at both plethysmograph results which were administered to appellant, Johnny Moon. He testified to the various possibilities of the test administered by Deborah Moore. He also testified that Deborah Moore and Michael Strain who administered the second test were experts in the field of conducting plethysmographs and that he was not.

■■■■ The State alleges that appellants waived any claim that their due process and confrontation rights were violated by the admission of the plethysmograph report because no objection was made at the time of trial. We agree with the State's contention. An objection made at trial may not be used to advance a different theory on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990).

It is also clear from the record that appellants never sought to introduce the polygraph result. Appellants did not make a bill of exceptions or offer of proof. Appellant's third point of error is overruled.

■■■■ In point of error four, appellants contend that they were denied their right to present witnesses on their own behalf because the trial court excluded the videotape made by the victims' sister, N.D. N.D.'s videotaped interview was made on November 13, 1989. Articles 38.071 and 38.072 of the Texas Code of Criminal Procedure apply to the admission of videotapes of children who were the victims of criminal actions. Though a sibling of the two young victims in this case, N.D. was not a victim of the offenses of which the appellants were accused. It is also apparent that she could have been called as a witness by the appellants to impeach or corroborate other witnesses' testimony. Point of error four is overruled because appellants cite no authorities to support their contention. In addition, appellants lodged no objection at the time of trial so they waive this claim on appeal. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App. 1990).

Appellants next complain in point of error five of the trial court's action in admitting certain hearsay statements which they

allege are not within the "outcry" statement of the hearsay rule.

Testimony in this case shows that on October 9, 1989 the children began living with Ms. Salena Young. After she noticed some peculiar behavior of the children, the children informed her of their parents' and their aunt's and uncle's actions.

From Ms. Young's affidavits, dated November 13, 1989 and November 29, 1989, we learn the following:

1. D.D. made allegations against her father on November 3, 1989.

2. J.D. made allegations against appellants and his father on November 5, 1989.

3. N.D. and J.D. made allegations against their father on November 8, 1989.

4. J.D. and S.D. made allegations against appellants on November 8, 1989.

5. D.D. made allegations against appellants on November 27, 1989.

The evidence shows that appellants were not only provided summaries of the outcry statements but verbatim copies of the outcry witness' affidavits as well. Appellants' attorney acknowledged that he received the July 26, 1991 State's notices of its intent to use Ms. Young's outcry statements.

The State is required to furnish appellant with summaries. However, they went a step further in that they provided them with verbatim copies of Ms. Young's affidavits. It is incredible that appellants would then complain about receiving these affidavits, in addition to the summaries.

The appellants also complain that the State was permitted to introduce into evidence more than one statement of each child which violates article 38.072. When one reads the record of the trial testimony, it is clear that the children's statements to Ms. Young were continuing statements made to the same individual. It is clear from reading the record before us that it was difficult for the children to discuss all the things that had happened to them all at one time. The account of their story as related to Ms. Young was one continuous story they told over several weeks. *See*

*Norris v. State*, 788 S.W.2d 65, 68–69 (Tex. App.—Dallas 1990, pet. ref'd) (child's subsequent outcry statements describing the nature of offenses admissible as part of the same outcry as initial outcry). Point of error five is overruled.

Accordingly, the judgment of the trial court is affirmed.