**Betty Jane McCALL et al., Appellants,**

v.

**DALLAS COUNTY HOSPITAL DISTRICT d/b/a Parkland Hospital, Appellee.**

No. 11–97–00384–CV.

Court of Appeals of Texas, Eastland.

May 20, 1999.

Charles Hamilton, H. Dawson French, French & Hamilton, Dallas, for appellant.

Winston Borum, Tricia Martin, Burford & Ryburn, Thomas Cox, Jr., Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCLOUD, Senior Judge.*

## OPINION

W.G. ARNOT, III, Chief Justice.

Edward Eugene McCall, a patient at Parkland Hospital in Dallas, went into cardiac arrest on March 5, 1991. The staff was able to resuscitate Mr. McCall, but he suffered permanent brain damage due to an oxygen deficiency. Mr. McCall was placed on life support until March 23, when he died. Mr. McCall's wife, Betty Jane, and their three children brought wrongful death and survival actions against Parkland. Parkland moved for summary judgment. The trial court granted summary judgment, and the McCalls appealed. The Fifth Court of Appeals reversed the trial court's judgment. On remand, Parkland moved for summary judgment again, alleging different grounds in its motion. The trial court granted summary judgment. The McCalls appeal, asserting in one point of error that the trial court erred in granting Parkland's motion for summary judgment. We affirm.

In order to determine if the trial court erred in granting the motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movants, indulging all reasonable inferences in their favor. We must determine whether the movant proved that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In order for it to be entitled to summary judgment, the defendant must have either disproved an element of the cause of action or estab-

lished an affirmative defense as a matter of law. See *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Way v. Boy Scouts of America*, 856 S.W.2d 230, 233 (Tex.App.—Dallas 1993, writ den'd).

Parkland is a governmental entity normally entitled to sovereign immunity. Under the Texas Tort Claims Act, a state entity can waive its sovereign immunity under limited circumstances. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 1997); *Kerrville State Hospital v. Clark*, 923 S.W.2d 582 (Tex.1996). Immunity is waived when the plaintiff suffers:

[P]ersonal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Section 101.021(2). The McCalls claim that Parkland was negligent and waived its immunity through (1) the misuse of tangible personal property and (2) the failure of the hospital to use additional tangible property. We hold that there is no evidence to show that Parkland misused tangible personal property and that the failure to use tangible personal property does not fall under the waiver provisions of the Texas Tort Claims Act.

Betty McCall took her husband to Parkland on March 4, 1991. Mr. McCall was swollen and later diagnosed with a lower extremity edema and general anasarca. He also complained of shortness of breath when lying on his left side. Dr. George John Mikos examined Mr. McCall. An electrocardiogram (EKG) was used and did not show any changes from a prior EKG. Dr. Mikos also performed a thoracentesis to remove fluid from Mr. McCall's right lung. After that procedure, a chest X-ray was taken. The X-ray revealed that the lung had not collapsed. Dr. Mikos found that nothing about Mr.McCall's history, physical examination, or test results indicated heart disease or any acute cardi-

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

ac episode. Early the next morning, Mr. McCall had a heart attack.

■ The McCalls argue that the hospital staff misused EKG and X-ray equipment because they improperly interpreted the graphs and photographs produced by the equipment. The McCalls rely on *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30 (Tex.1983), to support their position that reading and interpreting the results from tangible property constitutes the use of that equipment. *Salcedo v. El Paso Hospital District, supra* at 32–33. The McCalls also claim that needles, tubes, and other personal property used to perform the thoracentesis on the decedent contributed to his death. Such use would clearly constitute waiver under the Texas Tort Claims Act. However, in both instances, there is no evidence to show that the property was misused. Parkland introduced an affidavit of Dr. Mikos which stated that "[n]othing about Mr. McCall's history, physical examination, or test results indicated heart disease or any acute cardiac episode." The McCalls relied on the deposition of Dr. Stephen C. Cohen. In his deposition, Dr. Cohen claimed that Parkland made only one mistake:

> I have, and my letters confirm, a major problem with this case in that when [McCall] crashed, that they didn't have a good enough handle on when he did it so that he sustained oxygen deprivation to his brain. And that's the only criticism I have. I don't think they did anything else wrong.

The McCalls introduced no evidence to show that the hospital staff improperly interpreted the EKG and X-ray results or that the thoracentesis contributed to his death.[1]

■ The McCalls also complain that Parkland failed to use a heart monitor, oxygen equipment, a monitored bed, and other tangible property in treating the deceased. They argue that immunity can involve the failure to provide additional property once some of its specific tangible property has been brought into use. In addition to *Salcedo*, the McCalls cite *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976)(immunity waived when school provided football uniform that was defective due to lack of a knee brace to a student), and *Robinson v. Central Texas MHMR Center*, 780 S.W.2d 169 (Tex.1989)(immunity waived when MHMR center failed to provide plaintiff with life preserver which was part of swimming attire), to support their position. The Supreme Court of Texas has stated that *Robinson* and *Lowe* represent the "outer bounds" of what has been defined as use of tangible property. *Kerrville State Hospital v. Clark, supra.* Their precedential value is limited to claims in which "a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries." *Kerrville State Hospital v. Clark, supra* at 585.

■ The McCalls did not allege that Parkland failed to provide the deceased property that lacked an integral safety component but merely claim that Parkland failed to use different kinds of medical equipment and tangible property. The Supreme Court has never held that mere non-use of property can support a claim under the Texas Tort Claims Act. *Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex.1994); *Bishop v. City of Big Spring*, 915 S.W.2d 566 (Tex.App.—Eastland 1995, no writ). "Use" is defined as to "put or bring [the property] into action or service; to employ for or apply to a given purpose." *Kerrville State Hospital v. Clark, supra* at 584;

---

1. In the first summary judgment proceeding, the McCalls introduced a letter from Dr. Cohen where he described how the EKG and X-ray results showed congestive heart failure changes. Dr. Cohen also discussed the thoracentesis procedure and how it could have caused fluid shifts in the body, resulting in a drop in blood pressure. On remand, Parkland objected to the introduction of the letter, and the trial court sustained the objection. The McCalls do not argue on appeal that the trial court erred by excluding the letter.

*Mount Pleasant Independent School District v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex.1989), quoting *Beggs v. Texas Deptartment of Mental Health and Mental Retardation*, 496 S.W.2d 252, 254 (Tex.Civ.App.—San Antonio 1973, writ ref'd). Parkland's failure to use tangible medical property, including a monitored bed, oxygen equipment, and a heart monitor, does not fall within the definition of use under the Texas Tort Claims Act. Parkland did not waive its sovereign immunity. We overrule the McCalls' sole point of error.

The judgment of the trial court is affirmed.