Jose Antonio Villarreal Jr. v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-213-CR
No. 10-00-214-CR

     JOSE ANTONIO VILLARREAL, JR.,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 122nd District Court
Galveston County, Texas
Trial Court Nos. 99CR0487 and 99CR0486
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      In No. 10-00-213-CR, Appellant Villarreal appeals his conviction for Indecency with a Child,
for which he was sentenced to 7 years in the Texas Department of Criminal Justice - Institutional
Division.
      In No. 10-00-214-CR, Appellant Villarreal appeals his conviction for Aggravated Sexual
Assault of a Child, for which he was sentenced to 15 years in the Texas Department of Criminal
Justice - Institutional Division.
      The two cases were tried together. There is one reporter’s record and the briefs are identical.
      Appellant was charged in two indictments with 1) Aggravated Sexual Assault of A.W., a
child, alleged to have occurred about February 14, 1999; and 2) Indecency with A.W., a child,
alleged to have occurred on the same date. A jury convicted Appellant in both cases and assessed
his punishment at 15 years in the TDCJ-ID in the Aggravated Sexual Assault case and 7 years in
the TDCJ-ID in the Indecency with a Child case.
      The victim A.W. was three years old at the time the incidents occurred and four years old at
the time of Appellant’s trial. Appellant, a friend of A.W.’s mother, stayed in the home from time
to time of the victim’s mother, where A.W. and his grandmother also lived. He was staying there
on February 14, 1999.
      Appellant appeals on two identical issues in each case.
      Issue 1: “The 122nd District Court should not have allowed the jury to view and/or consider
the videotaped testimony of A.W. because of the use of leading questions by Ms. Carmen
Sedgwick, a forensic interviewer from the Advocacy Center for Children of Galveston County,
for reasons including, but not limited to, the State failed to show the video was necessary, and the
videotape deprived Appellant of his Federal and State rights to confrontation and cross
examination.”
      Specifically, Appellant complains that the trial court erred in admitting the videotape of the
interview by Ms. Sedgwick with the child because she used “leading questions;” and because the
use of the video deprived Appellant of his right to confront the witness and cross examine him.
      To preserve error for appellate review, the complaining party must make a timely specific
objection. The objection must be made at the earliest possible opportunity. The complaining
party must obtain an adverse ruling from the trial court. Finally, the point of error on appeal must
correspond to the objection made at trial. Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App. 1991).
      A question is impermissibly leading only when it suggests which answer “Yes” or “No” is 
desired, or when it puts into the witness’ mouth words to be echoed back. Newsome v. State, 829
S.W.2d 260, 269 (Tex. App.—Dallas 1992, no pet.).
      The complained of testimony on the videotape is as follows:
Q:  What is your name?
A:  Avery.
Q:  Avery, did someone touch you that shouldn’t have?
A:  Anthony.
Q:  Where did Anthony touch you?
A:  (not understandable).
Q:  Avery, did Anthony put his mouth on you somewhere?
A:  On my pee-pee.
Q:  On your pee-pee?
A:  Yeah.
      The questions asked of A.W. by Ms. Sedgwick were not leading. But assuming that they
were leading, with such a young witness, the trial is permitted flexibility in dealing with the rule
prohibiting the asking of leading questions. Flannery v. State, 117 S.W.2d 1111, 1113 (Tex.
Crim. App. 1938). Jolly v. State, 681 S.W.2d 689, 696 (Tex. App.—Houston [14th Dist.] 1984),
rev’d on other grounds, 739 S.W.2d 345 (Tex. Crim. App. 1987); Moon v. State, 856 S.W.2d
276, 279 (Tex. App.—Ft. Worth 1993 , pet. ref’d).
      Appellant further complains that the videotape of the child’s testimony violated his
constitutional rights of confrontation and cross examination.
      Appellant did not make this objection at trial and has not preserved this for review. Briggs
v. State, 789 S.W.2d 918, 921 (Tex. Crim. App. 1990); Turner, Id.
      Morever, the child did testify in court, and thus, the right of confrontation and cross
examination was not denied to appellant.
      Issue 1 is overruled in both cases.
      Issue 2: “When considering A.W.’s in court testimony, in the absence of his videotaped
testimony, the State failed to offer sufficient factual and/or legal evidence to support its allegations
against Appellant and/or for the jury’s conviction of appellant.”
      Specifically, Appellant argues that without the video, A.W. did not mention the name of
Appellant, thus the State failed to offer sufficient legal or factually sufficient evidence to support
its allegations against Appellant.
      When reviewing the legal sufficiency of the evidence, we examine all the evidence to
determine if any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. Jackson v. Virginia, 413 U.S. 307, 319 (1979). In making this examination,
we view the evidence in the light most favorable to the verdict. Santellan v. State, 939 S.W.2d
155, 160 (Tex. Crim. App. 1997). If there is any evidence that establishes guilt beyond a
reasonable doubt, the conviction is not subject to reversal. Anderson v. State, 871 S.W.2d 900,
902 (Tex. App.—Houston [1st Dist.] 1998, no pet.).
      When reviewing a claim of factual sufficiency of the evidence, we view all the evidence
without the prism “in the light most favorable to the prosecution.” Clewis v. State, 922 S.W.2d
126, 131 (Tex. Crim. App. 1996). We set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996); Santellan, Id., p. 164; Johnson v. State, 23 S.W.2d
1, 11 (Tex. Crim. App. 2000).
      A jury verdict is not manifestly unjust merely because the jury resolved conflicting views of
the evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 409 (Tex. Crim. App. 1997).
      The victim stated on the videotape, which we have held admissible, that Appellant touched
his pee-pee and put his mouth on his pee-pee.
      A.W.’s grandmother, who lived in the home with A.W. and his mother, testified that
Appellant stayed in their home from time to time and would play with A.W. She stated Appellant
had pictures of A.W. all over his apartment. She testified that Appellant stayed at her home all
Valentine’s Day weekend in 1999; that she took Appellant home in her car and then drove A.W.
and A.W.’s mother to Wal-Mart. On the way to Wal-Mart, A.W.’s mother, Cynthia Cesario was
questioning A.W. because he was acting odd. She asked him if anyone had ever touched him on
his “bunny.” A.W. answered that Appellant had touched him on his pee-pee when they were on
the couch. Later, A.W. told her Appellant had sucked on his pee-pee. A.W’s mother called the
police. A.W. testified in court that Anthony did something to him. Richard Rennison, the police
detective who thereafter interviewed Appellant, testified that Appellant denied that he had done
anything to A.W., but admitted that he slept on the couch with A.W. On the tape of the
detective’s interview with Appellant, the detective told Appellant that this is going to get you the
help you’ve been needing for a long time, and that he thought that Appellant agreed.
      Appellant testified at trial and denied fondling A.W. and denied putting A.W.’s penis in his
mouth. He further testified that A.W.’s mother planted these things in his head because she was
mad at him.
      Prior to trial, Appellant wrote a letter to the District Attorney’s office in which he asked for
a better deal and stated that “if anything ever happens again, you can give me two life sentences.” 
Appellant admitted writing the letter, but denied that it was an admission of guilt on his part.
      We hold that the evidence is both legally and factually sufficient to sustain the verdict.
      Issue 2 is overruled in both cases.
      Both judgments are affirmed.


                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 21, 2001
Do not publish