11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Dylan
Dirk Sarver and wife, Karen Ann Sarver

Appellants

Vs.                   No. 11-03-00193-CV B Appeal from Galveston County

The
University of Texas Medical Branch at Galveston

Appellee

 

Dylan Dirk Sarver underwent surgery at The
University of Texas Medical Branch at Galveston (UTMB) in August 1999 for an
anterior lumbar interbody fusion. 
Doctors aborted the surgery when Sarver=s
left iliac vein was lacerated.  Sarver
developed deep vein thrombosis as a result of the laceration, and he was
readmitted to UTMB in September 1999.  At
that time he underwent further surgery due to the complications that followed
the August procedure.  Sarver and his
wife Karen sued UTMB and Dr. Glenn C. Hunter to recover damages that they
sustained as a result of the treatment. 
UTMB filed a plea to the jurisdiction, a motion to dismiss, and a motion
to sever, all of which the trial court denied. 
Appellants filed their third amended petition after the trial court
granted UTMB=s special
exceptions to their second amended petition.[1]  UTMB filed another plea to the jurisdiction
and motion to dismiss based on sovereign immunity; the trial court granted the
relief and dismissed the case.  In a
single issue, the Sarvers assert that the trial court erred when it granted
UTMB=s plea to
the jurisdiction.  We affirm.








In order to determine whether the trial court
erred in granting the plea to the jurisdiction, we must decide whether
appellants have alleged a cause of action that falls within the sovereign
im-munity waiver provisions of the Texas Tort Claims Act.  TEX. CIV. PRAC. & REM. CODE ANN. ' 101.021 (Vernon 1997).  If a cause of action is barred by sovereign
immunity, the trial court lacks subject matter jurisdiction and should dismiss
the case.  Texas Department of Parks
and Wildlife v. Miranda, 133 S.W.3d 217 (Tex.2004); City of Austin v.
L.S. Ranch, Ltd., 970 S.W.2d 750, 752 (Tex.App. - Austin 1998, no pet=n). 
A plea to the jurisdiction is the appropriate vehicle by which a
governmental unit may raise a trial court=s
lack of subject matter jurisdiction based on sovereign immunity.  Texas Department of Parks and Wildlife v.
Miranda, supra.  The plaintiff bears
the burden of affirmatively showing that the trial court has subject matter
jurisdiction.  Scott v. Prairie View
A&M University, 7 S.W.3d 717 (Tex.App. - Houston [1st Dist.] 1999, pet=n den=d).  Subject matter jurisdiction is a question of
law that we review de novo.  Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998).  On appeal from an order granting a plea to
the jurisdiction, we review the pleadings and any evidence relevant to the
jurisdictional issue.  Texas
Department of Parks and Wildlife v. Miranda, supra; Texas Department of
Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex.2001); Bland
Independent School District v. Blue, 34 S.W.3d 547, 555 (Tex.2000);
Starkey v. Andrews Center, 104 S.W.3d 626, 629 (Tex.App. - Tyler 2003, no
pet=n).

UTMB is a governmental entity entitled generally
to sovereign immunity unless that immunity is waived.  Sovereign immunity is waived in limited
circumstances under the Texas Tort Claims Act. 
Section 101.021; McCall v. Dallas County Hospital District, 997
S.W.2d 287 (Tex.App. -  Eastland 1999, no
pet=n). 
Section 101.021(2) of the Act provides:

A government unit in the state is liable for:

 

(2) personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.

 

Appellants allege that they were injured by UTMB=s failure to properly treat, evaluate,
and provide appropriate support of the venous perfusion in Mr. Sarver=s leg. 
Specifically, appellants claim that Mr. Sarver=s
injuries were proximately caused by a condition or use of tangible personal
property by UTMB, when its agents Afailed
to timely and/or properly utilize sonogram diagnostic equipment, TED hose or
stockings, and/or sequential compression devices@
to treat Mr. Sarver.  However, appellants
make no factual allegations in their petition to support the proposition that
the equipment was ever used on Mr. Sarver. 
Instead, appellants argue on appeal, as they did below, that the failure
to use the equipment satisfied the Ause@ requirement for waiver of sovereign
immunity. We disagree. 








Appellants first argue that the Ause@
requirement subjects governmental units to liability for personal injuries
negligently caused by the nonuse of property where the state institution
clearly assumed a duty of care for the injured person=s
well-being by accepting and admitting the individual for medical treatment in a
state hospital.  To support their
argument, appellants rely on Jenkins v. State, 570 S.W.2d 175, 178
(Tex.Civ.App. - Houston [14th Dist.] 1978, no writ)(failure to administer
medication), and Weeks v. Harris County Hospital District, 785 S.W.2d
169 (Tex.App. - Houston [14th Dist.] 1990, writ den=d).  However, as the Supreme Court of Texas
held,  AThere
cannot be waiver of sovereign immunity in every case in which medical treatment
is provided by a public facility.@  Kerrville State Hospital v. Clark, 923
S.W.2d 582, 585-86 (Tex.1996).  AIf there is waiver in all of those
cases, the waiver of immunity is virtually unrestricted, which is not what the
Legislature intended.@  Texas Department of Criminal Justice v.
Miller, supra at 588 (citing Kerrville State Hospital v. Clark,
supra).

Appellants also rely upon Robinson v. Central
Texas MHMR Center, 780 S.W.2d 169 (Tex.1989)(failure to provide life preserver
as part of swimming attire), and Lowe v. Texas Tech University, 540
S.W.2d 297 (Tex.1976)(football uniform was defective for failure to provide
knee brace).  The Supreme Court of Texas
has stated that Robinson and Lowe represent the Aouter bounds@
of examples of the use of tangible personal property.  Kerrville State Hospital v. Clark, supra; see
also Russell v. City of Seymour, 836 S.W.2d 283 (Tex.App. - Eastland 1992,
writ den=d)  (examining the distinction between use and
nonuse of tangible personal property in Lowe).  The court did not intend, in deciding these
cases, to allow both use and nonuse of property to result in waiver of immunity
under the Act. The precedential value of these cases is limited to claims in
which Aa
plaintiff alleges that a state actor has provided property that lacks an
integral safety component and that the lack of this integral component led to
the plaintiff=s
injuries.@  Kerrville State Hospital v. Clark, supra
at 585; McCall v. Dallas County Hospital District, supra.  








Appellants did not allege that UTMB provided Mr.
Sarver with property that lacked an integral safety component.  Appellants alleged that UTMB failed to
provide or treat Mr. Sarver with certain equipment. The Supreme Court of Texas
has never held that mere nonuse of property can support a waiver of sovereign
immunity under the Tort Claims Act. McCall v. Dallas County Hospital
District, supra at 289 (citing Kassen v. Hatley, 887 S.W.2d
4, 14 (Tex.1994)).  AUse@
means to Aput or
bring [the property] into action or service; to employ for or apply to a given
purpose.@  Kerrville State Hospital v. Clark, supra
at 584; McCall v. Dallas County Hospital District, supra at 289.  Although appellants do allege that
appellee failed to timely or properly utilize equipment, such blanket
statements do not satisfy the waiver provision found in the Tort Claims Act
without factual allegations to support them. 
Texas Department of Criminal Justice v. Miller, supra at
588.  In reviewing the pleadings, as well
as the arguments below and on appeal, it is clear that appellants= complaint was that Mr. Sarver=s injuries could have been prevented or
possibly less severe had UTMB=s
agents used certain equipment to treat the thrombosis but that they did not use
that equipment.  UTMB=s failure to use these devices does not
fall within the definition of use under the Texas Tort Claims Act.  See Bishop v. City of Big Spring, 915
S.W.2d 566, 572 (Tex.App. - Eastland 1995, no writ).  Therefore, there is no waiver of UTMB=s sovereign immunity.  The trial court did not err in granting UTMB=s plea to the jurisdiction.  Appellants=
sole issue on appeal is overruled.

The judgment of the trial court is affirmed. 

 

JIM R. WRIGHT

JUSTICE

 

June 30, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Appellants did not include Dr. Hunter in the suit when
they filed their third amended petition.