NO. 07-02-0345-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 9, 2003

_____

HERIBERTO RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 13736-0005; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Heriberto Ramirez appeals his conviction

for aggravated sexual assault and 50 year sentence. Presenting five points, he alleges

(1) the trial court erred in denying his motion for mistrial; (2) the trial court erred in denying

his motion to reopen the evidence; (3) prosecutorial misconduct during voir dire; (4) the jury verdict is against the overwhelming weight of the evidence; and (5) ineffective assistance of counsel. Based upon the rationale expressed herein, we affirm.

On March 28, 2000, the victim's mother, who is disabled and uses a wheelchair, asked Virginia Chavez to look for her daughter because she had not come home after school. After Virginia picked up the victim at a friend's house, Virginia asked the victim why she had not gone home. The victim replied that an after school activity had been cancelled so she chose to go home with friends. As they approached the victim's home, the victim became nervous, started crying, and told Virginia she had been sexually assaulted by appellant. Among other things, she told Virginia appellant forced her to have intercourse when her mother was out of the room or in the bathtub. When Virginia took the victim home, she called the victim's uncle who came to her house and talked to the victim. After the victim explained what happened, the family took her to the hospital. An aunt of the victim who met with her at the hospital described her as "crying, shaking, upset."

We commence our analysis by first considering appellant's fourth point by which he contends the verdict is against the overwhelming weight of the evidence so as to be manifestly unjust. We disagree. In determining the factual sufficiency of the evidence, the Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so

2

obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Although appellant admits the victim testified that he placed his sexual organ in her "front" part on three occasions, that she told Virginia about the assaults on March 28, 2000, and that the presence of scars evidencing a sexual assault were confirmed by a sexual assault nurse, he contends the evidence is factually insufficient. In this regard, he argues (1) the victim's testimony was based on leading questions, (2) the nurse did not know whether the penetration was done by another male or type of object, (3) although her testimony was admitted by the court, appellant nevertheless questioned the qualifications of the nurse, (4) that the victim's mother testified she did not notice any blood on any bed sheets or any clothes when she did the laundry, and (5) that the family had not detected the victim acting out of the ordinary or demonstrating any unusual behavior before her outcry. Deferring to the jury's determination concerning the weight of the evidence, we do

3

not conclude the evidence standing alone is so "weak as to be clearly wrong and manifestly unjust." Accordingly, appellant's fourth point is overruled.

By his second point, appellant contends the trial court erred in denying his motion to reopen the evidence after the parties had closed because clearly material evidence could have changed the case in appellant's favor. We disagree. Pursuant to article 36.02 of the Texas Code of Criminal Procedure, the trial court shall allow the introduction of testimony at any time before argument is concluded. The article applies only if the proffered evidence "would materially change the case in the proponent's favor." Peek v. State, 106 S.W.3d 72, 79 (Tex.Cr.App. 2003). The trial court's denial of the motion to reopen is reviewed for abuse of discretion. Thompson v. State, 480 S.W.2d 624, 629 (Tex.Cr.App. 1972).

After both parties announced a close of the evidence, appellant sought to reopen the evidence to demonstrate the victim's mother had told another person that she did not believe the first report of the assault. In response, the State points out that at trial, the mother testified that originally she did not believe the report, but changed her mind after she visited with the nurse. In overruling the motion, the trial court announced:

> Well, it seems to me, Mr. Lopez, that the issue of whether or not Felipe believed her daughter at first or didn't believe her daughter at first, is before the jury. I think there's adequate evidence of that, so I'm going to deny your motion to reopen.

4

Even though evidence may be relevant, the rule does not require the admission of "needless presentation of cumulative evidence." Tex. R. Evid. 403; *see also* Salazar v. State, 38 S.W.3d 141, 155 n.7 (Tex.Cr.App. 2001), *cert. denied*, 534 U.S. 855, 122 S.Ct. 127, 151 L.Ed.2d 82 (2001). Because there was sufficient evidence to support counsel's jury argument that the victim's mother did not believe the initial reports of the assault, appellant has failed to demonstrate an abuse of discretion. Appellant's second point is overruled.

By his third point, appellant contends that although not properly preserved for appellate review, the State's voir dire training of potential jurors to avoid being stricken from the jury panel and other acts of prosecutorial misconduct require reversal as fundamental error. We disagree. The control of voir dire examination is within the sound discretion of the trial court. *See* McCarter v. State, 837 S.W.2d 117, 119 (Tex.Cr.App. 1992) (en banc). Although a defendant's constitutional right to counsel includes counsel's right to question prospective jurors during the jury selection stage, appellant does not contend that his right to conduct examination of the prospective jurors was limited. *See* Brumley v. State, 804 S.W.2d 659, 662 (Tex.App.--Amarillo 1991, no pet.). Instead, he contends the prosecutor's training of venire persons on how to respond to valid questions rather than just asking the questions constituted fundamental error.

Article 35.17 of the Code recognizes that the trial court has discretion in the conduct of voir dire examination. The voir dire process is "designed to insure, to the fullest extent

5

possible, that an intelligent, alert, disinterested, impartial, and truthful jury will perform the duty assigned to it." Armstrong v. State, 897 S.W.2d 361, 363 (Tex.Cr.App. 1995) (en banc). Appellant does not argue that the prosecutor's questions improperly sought to inflame any bias or prejudice of the prospective jurors nor that they constituted an improper appeal to ignore any of appellant's constitutional rights. Counsel's conduct and the court's supervision of voir dire is subjective and case specific and we decline to attempt to "micro manage" that stage of the trial and accordingly, can only review it for abuse of discretion. Appellant does not contend the trial court abused its discretion. Considering that appellant does not contend that any of his constitutionally guaranteed rights were implicated by the alleged erroneous voir dire, his third point is overruled.

By his first point, appellant contends the trial court erred in denying his motion for mistrial after the State inserted appellant's status as an illegal alien into the case without reason and contrary to our decision in the prior case.[1] We disagree. The State called Mitchell Matthews as a witness.[2] During his brief testimony,[3] he testified that on the night of the offense, he visited with the nurse at the hospital. Then, when asked by the prosecutor what he did after visiting with the nurse, he testified:

---

[1]See Ramirez v. State, 65 S.W.3d 156 (Tex.App.--Amarillo 2001, pet. ref'd).

[2]At the time of the offense, Matthews was an officer with the Plainview Police Department. At the time of the second trial, he was employed as an officer with the Amarillo Police Department.

[3]Testimony covered only five pages of the reporter's record.

6

> I contacted my captain and advised that we did appear to have a sexual assault, and advised him that our suspect was an illegal immigrant in Texas.

Appellant's counsel promptly objected to the testimony as being irrelevant which was sustained. Also, the trial court granted counsel's motion to strike the answer but denied counsel's motion for mistrial. After the witness was excused and the jury was granted a recess, appellant's counsel re-urged the motion for mistrial. In response, the prosecutor advised the court he had previously admonished the witness to avoid making any reference to appellant's status as an illegal alien, but did not have time before calling the witness to remind him of the admonishment. After denying the motion for mistrial again by implication, the trial court said:

> All right. Do you wish any further instruction, Mr. Lopez, from the court to the jury, to disregard any kind of reference to the immigration status?

In response, trial counsel replied:

> No, Sir. I think at that point it would be maybe to recall something I'm hoping that they forget.

The denial of a motion for mistrial is reviewed under an abuse of discretion standard. Trevino v. State, 991 S.W.2d 849, 851 (Tex.Cr.App. 1999). Where the decision to deny a motion for mistrial is within the zone of reasonable disagreement, an abuse of discretion is not shown. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App. 1990). Here, after the single reference to appellant's status as an illegal alien, it was not

7

mentioned again. Moreover, the trial court asked counsel if he desired an instruction to the jury to disregard the comment, but counsel preferred that no instruction be given. As in Richards v. State, 912 S.W.2d 374 (Tex.App.--Houston [14th Dist.] 1995, pet. ref'd) and Sperling v. State, 924 S.W.2d 722 (Tex.App.--Amarillo 1996, pet. ref'd), because the reference was an isolated reference, we conclude that an instruction to disregard would have been sufficient and thus conclude the trial court did not abuse its discretion in denying the motion for mistrial. Appellant's first point is overruled.

By his fifth and final point, appellant contends his trial counsel was ineffective in presenting his case by failing to perform at an objectively reasonable level, and but for trial counsel's non-strategical errors the verdict is questionable. We disagree. A claim of ineffective assistance of counsel is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[4] Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); *see also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, appellant

---

[4]The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507, 516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).

8

must demonstrate that the deficient performance prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Id*. Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel, whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); *see also* Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). Also, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999).

Before we commence our analysis of appellant's argument, we first focus on the presumption that counsel's conduct fell within the wide range of reasonable and professional representation. After his first conviction, appellant retained counsel to

represent him on direct appeal. Then, upon retrial, appellant again retained his appellate counsel to represent him in his second trial presently under review with the assistance of appointed counsel. By the reporter's record of the first trial and first appeal, counsel had the uncommon opportunity to analyze the trial tactics of counsel at the first trial and to develop his trial tactics by his knowledge of the evidence and the tactics of counsel for the State and appellant at the first trial.

Appellant identifies numerous instances of alleged error which he claims demonstrates he was denied effective assistance of counsel, to-wit:.

- Failure to have bench conferences recorded. Failure to request that voir dire proceedings or bench conferences be recorded does not constitute ineffective assistance as a matter of law. *See* Oliva v. State, 942 S.W.2d 727, 733 (Tex.App.--Houston [14th Dist.] 1997, *pet. dism'd*, 991 S.W.2d 803 (Tex.Cr.App. 1998).

- Leading question to 12 year old victim. In cases dealing with child victim/witness, the rule against leading questions is relaxed. Rodriguez v. State, 997 S.W.2d 640, 643 (Tex.App.–Corpus Christi 1999, no pet.).

- Expert testimony bolstering victim's credibility. Results of nurse's physical examination of victim not implicated. Schutz v. State, 957 S.W.2d 52, 69 (Tex.Cr.App. 1997) (en banc), cited by appellant not applicable because it is limited to expert testimony on truthfulness because it was in part based on a belief that psychology is not an exact science.

- Failure to call an expert without prior notice. Counsel references nothing to show that even if called, expert testimony would have been beneficial to appellant's position. Moreover, because the nurse was called at the first trial, counsel had actual notice that she would probably be called at the second trial.

10

- Failure to prevent receipt of improper evidence. Apparently appellant argues that evidence of his residence in a Hispanic community was received and was harmful. However, because the trial court appointed interpreters and other factors, the jury was aware of these factors.

Appellant's last two concerns, *i.e.*, prosecutorial misconduct and counsel's opening of the door and failing to shut it present matters which are extremely subjective and not readily subject to any objective analysis. According to appellant, the "door was opened" regarding his alcohol use when trial counsel tried to have a State's witness admit she did not like him. However, it did demonstrate that the witness did not like him which the jury could consider in determining her credibility. Regarding the alleged misconduct of the prosecutor, appellant does not allege he made any appeal to race, religion, nationality, or made any plea to inflame the minds of the jury. Even though some of the references to appellant's state of undress, *etc.* might be considered to be in bad taste, appellant cites no authority and we have found none which would prohibit any such argument considering the charged offense and circumstances in the victim's home. Concluding that counsel's performance was not deficient, appellant's fifth point is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.