**Guadalupe RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–97–741–CR, 13–97–744–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 4, 1999.

Rehearing Overruled Aug. 12, 1999.

Jerry Dorsey, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., Adolfo Aguilo, Asst. Dist. Atty., Corpus Christi, for State.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

**O P I N I O N**

CHAVEZ, Justice.

This is a consolidated appeal. Cause number 13–97–741–CR is an appeal brought by Guadalupe Rodriguez from his conviction for aggravated sexual assault of a child.[1] Cause number 13–97–744–CR is Rodriguez's appeal from the trial court's determination to adjudicate guilt for a separate offense. We affirm the trial court's judgment in 13–97–741–CR, and dismiss the appeal in 13–97–744–CR.

■ Texas law does not permit an appeal from a determination to adjudicate guilt after adjudication had been deferred. TEX.CRIM. PROC.CODE ANN. art. 42.12 § 5(b) (Vernon Supp.1999); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992); *Leal v. State*, 962 S.W.2d 652, 653 (Tex. App.—Corpus Christi 1998, no pet.). Therefore we must dismiss Rodriguez's appeal from the trial court's determination to adjudicate guilt in cause 13–97–744–CR.

With regard to his conviction for aggravated sexual assault, appellant raises three issues on appeal. First, appellant contends that the trial court permitted hearsay testimony under the "outcry" witness exception, when in fact the witness did not qualify as an "outcry" witness. Second, appellant argues that the trial court erred in overruling his objection that the State was posing leading questions to the com-

---

1. TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (Vernon Supp.1999).

plainant during his testimony. Lastly, appellant argues that the evidence was insufficient to support a conviction because the complainant gave the date of the offense only as "sometime before my eleventh birthday" and because there was no physical evidence of a sexual assault.

■ Amanda Way, a social worker who investigated sexual abuse with Child Protective Services, testified that she met with the complainant and the complainant told her that Rodriguez had put his "private part" into the complainant's "private part." Rodriguez objected that this testimony was hearsay, and that Way did not qualify as an "outcry" witness because the complainant had previously told a school counselor that he had been sexually assaulted. Way testified that she spoke with the complainant based on a "report" from Sharon Matthew, a counselor at the complainant's school. Way did not testify as to what was contained in the report. The complainant's uncle, with whom the complainant was living, also testified that he had received a call from the school informing him that the complainant had spoken with a school counselor and that the complainant had been sexually abused.

■ The general "outcry" witness rule is that hearsay testimony may be admitted in the prosecution of an offense committed against a child, twelve years of age or younger, provided the witness was the first person age eighteen or older to whom that child made a statement about the offense. TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp.1999). Our determination of the "outcry" witness issue in this case is controlled by the Court of Criminal Appeals' interpretation and application of this rule in *Garcia v. State,* 792 S.W.2d 88 (Tex.Crim.App.1990). *Garcia* held that the phrase "statement about the offense" means more than words that give "a general allusion that something in the area of child abuse was going on." *Garcia,* 792 S.W.2d at 91. Rather, the statement must describe the alleged offense in some discernible manner. *Id.* The trial court has broad discretion in determining

the proper outcry witness. *Id.* at 92. We do not disturb the trial court's determination absent an abuse of discretion. *Id.*

In *Garcia,* the child complainant's first statements about her sexual abuse were made to her teacher. The complainant later spoke with a social worker from Child Protective Services, and it was this social worker that the State presented as the "outcry" witness at trial. Although the teacher testified that the complainant "wanted to tell [her] a lot of things" and "wanted to talk about it practically all day," the teacher never specified what the complainant told her. The Court of Criminal Appeals held that, because "the record is void of any details of the statements made to [the teacher] and as to any description of the actual offenses," the trial court was within its discretion in determining that the child's statements to the teacher did not preclude the social worker from testifying as the "outcry witness." *Id.*

As in *Garcia,* the record in this case does not provide any details of the statements made to the counselor or any description of the actual offense. The record only indicates that, based on her conversation with the complainant, the counselor was concerned that the complainant had been sexually abused. We conclude that this record provides no indication that the complainant's statement to Matthews was anything more than the sort of "general allusion that something in the area of child abuse is going on" that *Garcia* held was insufficient to confer "outcry" status. Therefore, the trial court was within its discretion to permit Amanda Way to testify as an outcry witness. Appellant's first point of error is overruled.

■ Next, appellant complains that the trial court improperly permitted the State to ask leading questions on direct examination of the complainant. The testimony in question was:

Q: Did Lupe ever do anything else to you that was considered a bad touch?

A: (No audible response).

Q: Did Lupe ever touch your bottom?

A: Part.

Q: With any part of his body?

DEFENSE ATTORNEY: Your Honor, we object. He is leading the witness.

THE COURT: Overruled.

Q: Did Lupe ever touch your bottom with any part of his body?

A: Yes.

Q: Do you remember what part of his body that was?

A: Private.

Q: Lupe's private?

A: Yes.

Q: Do you remember, did his private go inside?

A: Yes.

Q: Did it hurt?

A: Yes.

Q: Did it hurt real bad?

A: Well, yeah.

Q: Is that how you knew it went inside?

DEFENSE ATTORNEY: We renew our objection. He is leading the witness.

THE COURT: All right, don't lead the witness.

Appellant contends that this passage demonstrates impermissibly leading questions.

■ Texas Rule of Evidence 611 states that "leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony." Tex.R. Evid. 611(c). The trial court has discretion in deciding whether to permit leading questions. *Hernandez v. State*, 643 S.W.2d 397, 400 (Tex.Crim.App.1982) (en banc). In cases dealing with child witnesses, the rule against leading questions is somewhat relaxed. *Clark v. State*, 952 S.W.2d 882, 886 (Tex.App.—Beaumont 1997); *Moon v. State*, 856 S.W.2d 276, 279 (Tex.App.—Fort Worth 1993, pet. ref'd); *Jolly v.*

*State*, 681 S.W.2d 689, 696 (Tex.App.—Houston [14th Dist.] 1984), *rev'd on other grounds*, 739 S.W.2d 345 (Tex.Crim.App. 1987). The asking of leading questions will seldom be a ground for reversal, especially where a child is testifying. *Uhl v. State*, 479 S.W.2d 55, 57 (Tex.Crim.App. 1972).

We hold that the trial court did not abuse its discretion in permitting the State to question the complainant as it did in this case. The complainant was a twelve-year-old boy who was living with his uncle because his mother had recently died.[2] He had emotional problems and was taking anti-depressant medications. It is apparent from his testimony that he was reluctant to discuss the sexual abuse he endured, and leading questions were indeed necessary to develop the witness's testimony. We find no abuse of discretion and overrule appellant's second point of error.

■ Appellant's final complaint is that the evidence was insufficient to support a conviction because the complainant gave the date of the offense only as "sometime before my eleventh birthday" and because there was no physical evidence of a sexual assault. Appellant's prayer for relief asks only that we reverse the judgment of the trial court and grant a new trial, not that we reverse and acquit. Therefore, we construe appellant's point as a challenge to the factual sufficiency of the evidence.

■ In reviewing the factual sufficiency of the evidence, we view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996).

The State was not obligated to present evidence that corroborated the complainant's testimony. A conviction for sexual assault may be based on the uncorrob-

---

**2.** The complainant testified that he wanted to live with his father rather than his uncle. The record does not indicate why the complainant was living with his uncle instead, and there is no other mention of the child's father in the record.

orated testimony of the victim if the victim is less than eighteen years old at the time of the offense. TEX.CODE CRIM. PROC. ANN. art. 38.07 (Vernon Supp. Pamph.1999). Therefore, a conviction could be maintained without physical evidence.

We next consider appellant's complaint regarding the evidence of the timing of the offense. Although it is not entirely clear from the brief discussion of this issue in appellant's brief, it appears that his complaint is that the victim's testimony that the offense occurred "sometime before his eleventh birthday" was not specific enough. The indictment in this case, filed July 7, 1997, alleged that the offense took place "on or about June 1, 1995." "On or about" language allows the State to prove a date other than the one alleged as long as the date is anterior to the presentment of the indictment and within the statutory limitation period. TEX.CODE CRIM. PROC. ANN. art. 21.02(6) (Vernon 1989); *Sledge v. State*, 953 S.W.2d 253, 256 (Tex.Crim.App.1997).

The limitations period for aggravated sexual assault of a child is ten years from the eighteenth birthday of the victim. TEX.CODE CRIM. PROC. ANN. art. 12.01(5)(C) (Vernon Supp.1999). The victim in this case was born on February 27, 1985. Therefore, limitations would not run for the charged offense until February 27, 2013. Because of the particular limitations statute at work in this case, limitations was not a concern, and the only relevant date requirement was that the State prove that the offense occurred anterior to the presentment of the indictment.

The victim first testified that Rodriguez had sexually assaulted him five or six months prior to the trial, which would mean February or March of 1997. He later testified that he was sexually assaulted before his eleventh birthday, which occurred on February 27, 1996. All of these dates are anterior to the presentment of the indictment. We find nothing lacking in the State's evidence of the time of the offense, and overrule Rodriguez's third point of error.

We dismiss the appeal in cause number 13–97–744–CR. In cause number 13–97–741–CR, the judgment of the trial court is affirmed.