NUMBER 13-99-064-CR 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



EULALIO T. PUENTES, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 36th District Court 

of San Patricio County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Justices Dorsey, Chavez, and Rodriguez 

Opinion by Justice Dorsey 



EULALIO PUENTES appeals the January 25, 1999, revocation of his deferred adjudication
probation by four points of error. However, appeal is not available from a trial court's
decision to adjudicate guilt following deferred adjudication probation. Tex. Code Crim.
Proc. Ann. art. 42.12, 5(b) (Vernon Supp. 2000); Olowosuko v. State, 826 S.W.2d
940, 942 (Tex. Crim. App.1992), Rodriguez v. State, 997 S.W.2d 640, 641 (Tex.
App.--Corpus Christi 1999, no pet. h.). Section 5(b) of article 42.12 states: 

On violation of a condition of [deferred adjudication] community supervision . . ., the
defendant may be arrested and detained as provided [elsewhere in this article]. The
defendant is entitled to a hearing limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge. No appeal may be taken from
this determination. After an adjudication of guilt, all proceedings, including assessment
of punishment, pronouncement of sentence, granting of community supervision, and
defendant's appeal continue as if the adjudication of guilt had not been deferred. A court
assessing punishment after an adjudication of guilt of a defendant charged with a state
jail felony may suspend the imposition of the sentence and place the defendant on
community supervision or may order the sentence to be executed, regardless of whether the
defendant has previously been convicted of a felony. 



Accordingly, this court is without jurisdiction, and Puentes' appeal is dismissed. 







J. BONNER DORSEY, 

Justice 



Do not publish. 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 31st day of March, 2000.