NUMBER 13-03-194-CR

 

                                 COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

ALFREDO CABAZOS HERNANDEZ

A/K/A ALFREDO CAVAZOS HERNANDEZ,                         Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                                                      


On appeal from the 156th District
Court of Bee County, Texas.

                                                                                                                      


MEMORANDUM OPINION

 

                       Before
Justices Yañez, Rodriguez, and Garza

                            Memorandum
Opinion by Justice Yañez

 








Appellant, Alfredo Hernandez, was indicted and
subsequently convicted by a jury of indecency with a child[1]
and attempted aggravated sexual assault.[2]  After enhancements, his punishment was
assessed at two sentences of life imprisonment, to be served concurrently.  We affirm appellant=s convictions.

In five issues, appellant contends on appeal that
(1) the trial court erred in allowing a witness to provide an opinion regarding
the truthfulness and credibility of the victim; (2) the court improperly
allowed leading questions; (3) the evidence is legally and factually
insufficient to support his attempted aggravated sexual assault conviction; (4)
the evidence is legally and factually insufficient to support his conviction
for indecency with a child; and (5) the imposition of two concurrent life
sentences is unconstitutional.[3]


The record contains the trial court=s certification that this is not a plea-bargain case
and the defendant has the right of appeal.[4]


As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of our decision and the
basic reasons for it.[5]
  

In appellant=s first issue, he contends the trial court erred in
allowing a lay witness to provide an opinion regarding the truthfulness and
credibility of the victim.  He
specifically refers to testimony of the State=s
witness, R.G., the grandmother of the victim, who testified regarding the
credibility of the victim.








A trial court=s decision to admit evidence is reviewed for an
abuse of discretion.[6]  It is generally improper for a witness to
offer a direct opinion as to the truthfulness of another witness.[7]


The record
reflects that the following exchange occurred between R.G., appellant=s trial
counsel, the court, and the prosecutor:  

Re-cross
Examination

[Trial
Counsel]:  If [the victim] or T. or both
of them had asked one or 

more people for
money, they might get in trouble with their parents for 

that, huh?

 

[R.G.]:  That=s right.   

 

[Trial
Counsel]:  They might get in trouble with
you for that.

 

[R.G.]: That=s right.   Because if I don=t have it, they
don=t go and ask 

nobody else.

 

[Trial
Counsel]:  Okay.  And if you found out about it, they=dB

 

[R.G.]:  I=d whip their
butt.      

 

[Trial
Counsel]:  You=d whip their
butt.

 

. . . .

 

Re-direct
Examination        

 

[Prosecutor]:  Okay. 
If the boys thought they were in trouble because 

they asked
somebody for money, you think [the victim] would make up a 

story like
this?            

 

[R.G.]:  No.     

 

[Prosecutor]:  Do you think thatB      

 

[Trial
Counsel]:  Objection.  That=s
irrelevant.  That calls for an 

opinion as to
the credibility of another witness and there=s no predicate 

laid for it and
I don=t think that=s a proper
question and I=d ask the court 

to instruct the
jury to disregard that.

 

[Court]:  I=ll allow her to
ask it if she lays a proper predicate.

 








[Prosecutor]:  [R.G.], you know your grandson pretty 

well; right?      

 

[R.G.]:  Yes, ma=am.

 

[Prosecutor]:  And for the most part, is he truthful?

 

[R.G.]:  Yeah.

 

[Trial
Counsel]:  Excuse me; who=s the grandson?

 

[Prosecutor]:  [The victim].

 

[Prosecutor]:  [The victim] is your grandson; correct?

 

[R.G.]:  Uh-huh.

 

[Prosecutor]:  You=re not saying
he=s perfect, are
you?

 

[R.G.]:  He=s not perfect,
but, you know, he=s all right.  He won=t 

hardly lie.

 

[Prosecutor]:  Okay. 
He doesn=t make a habit of lying.

 

[R.G.]:  No, ma=am.

 

[Prosecutor]:  Okay. 
Would he lie to get himself out of trouble?

 

[R.G.]:  No, ma=am.

 

[Prosecutor]:  Would he make up this kind of story?

 

[R.G.]:  No, ma=am.   








We will
disregard a non-constitutional error if, after examining the record as a whole,
we are left with the fair assurance that the error did not influence the jury,
or influenced the jury only slightly.[8] 
Although appellant specifically contends that R.G.=s testimony effectively bolstered the
victim's claims and had an injurious influence on the jury's determination of
the verdict, we conclude that the error, if any, in allowing the testimony did
not affect any of appellant's substantial rights.[9]  The State presented testimony from other
witnesses to support its allegations against appellant.  For example, M.R., testified that he attended
the dance on the night in question and had overheard a conversation while in
the restroom that Agrossed him out.@ 
Additionally, T., a nine-year-old child who allegedly witnessed
appellant commit the offenses, testified as to the details of appellant=s inappropriate conduct that occurred in
the restroom.  After reviewing the entire
record, including the testimony at issue, we are left with the fair assurance
that the trial court=s error, if any, did not influence the
jury, or influenced the jury only slightly.[10]  Accordingly, appellant's first issue is
overruled.  

In his second issue, appellant contends
the trial court abused its discretion by continuously allowing the State to ask
leading questions during its examination of T. 
As a result, appellant argues that the State=s use of leading questions prejudiced
and irreparably harmed appellant.








Rule of evidence 611(c) does not forbid
the asking of leading questions; it states that leading questions should not be
used on direct examination of a witness except as may be necessary to develop
the testimony of the witness.[11]  The rule contemplates that some leading
questions are acceptable at the trial court=s discretion.  Allowing
leading questions is a matter within the sound discretion of the trial court.[12]  Abuse of discretion cannot be shown unless
appellant can show that he was unduly prejudiced by virtue of such questions.[13]   In cases dealing with child witnesses, the
rule against leading questions is somewhat relaxed.[14]   The asking of leading questions will seldom
be a ground for reversal, especially where a child is testifying.[15]  

The record reflects that T. testified
regarding two different alleged incidents that had occurred in the restroom
between T., appellant, and the victim. 
During the State=s direct examination of T., the
following exchange occurred between the prosecutor, T., appellant=s trial counsel, and the court:

[Prosecutor]:  Okay. What was he doing with his hands?  Was he 

holding his private parts?

 

[T.]: 
Yes, ma=am.

 

[Prosecutor]:  Okay. 
Did he say anything to you when you went to 

the bathroom the first time about his
private parts?

 

[T.]: 
No, ma=am.

 

[Prosecutor]:  DidBhe didn=t say anything to you at all?

 

[T.]: 
(shaking head).

 

[Prosecutor]:  You don=t remember?  You don=t remember him talking 

to you about it.

 

[T.]: 
No, ma=am, I don=t remember.

 

[Prosecutor]:  Okay. 
You don=t remember.  Do you remember him 

asking you to touch him?  

 

[Trial Counsel]:  Objection, Your Honor.  The boy has 








testified he didn=t remember. [The prosecutor] is
purposely leading him 

and I ask the Court to ask the jury to
disregard that question.

 

[Court]: 
I=m going to sustain the objection.  I=m not going to have 

them disregard.  Watch your leading please.

 

[Prosecutor]:  Well, y=all are standing in the bathroom and you=re 

next to [appellant]; right?

 

[T.]: 
Yes, ma=am.

 

[Prosecutor]:  Nothing happened?  He didn=t say anything?  Y=all 

just leave?

 

[T.]: 
He didn=t say anything while we were in the
bathroom.

 

[Prosecutor]:  He didn=t say anything while y=all were in the 

bathroom?  At all.

 

[T.]: 
No, that I know.  He didn=t say anything to us.

 

[Prosecutor]:  I can=t hear you, T.

 

[T.]: 
He didn=t say anything to us.

 

[Prosecutor]:  He didn=t say anything to you.

 

[T.]: 
No, ma=am.

[Prosecutor]:  Okay. 
So what happened?

[T.]: 
We were using the bathroom.

[Prosecutor]:  I=m sorry; I can=t hear you, honey.

[T.]: 
(Crying).

[Prosecutor]:  It=s okay. 
I didn=t mean to make you cry.








The record shows that appellant=s trial counsel=s initial objection was sustained and
that the trial court also cautioned the State regarding leading.  Moreover, on this record, it was not an abuse
of discretion to allow relaxed questioning of T., who was emotionally
distraught and upset during questioning.[16]  Accordingly, appellant=s second issue is overruled.

In appellant=s third issue, he contends the evidence
is legally and factually insufficient to support his conviction for attempted
aggravated sexual assault.[17]  In reviewing appellant=s brief, we note that he has not
provided any argument nor has he provided appropriate citations to the record
in support of this contention.  We
decline to construct appellant=s argument for him.[18]  Appellant=s third issue is therefore overruled.

In his fourth issue, appellant contends
the evidence is legally and factually insufficient to support his conviction
for indecency with a child.[19]   Specifically, appellant argues that the
State failed to offer evidence that appellant exposed his genitals with the
intent to arouse or satisfy his sexual desire. 


A legal sufficiency challenge calls for
appellate review of the relevant evidence in the light most favorable to the
prosecution.[20]  In a jury trial, legal sufficiency is
measured against the elements of the offense as defined by a hypothetically
correct jury charge for the case.[21]  We then determine if any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.[22]









We also measure the factual sufficiency
of the evidence against a hypothetically correct jury charge.[23]   When the State bears the burden of proof,
the proof of guilt is factually insufficient if it is so obviously weak as to
indicate that a manifest injustice has occurred or if it is greatly outweighed
by contrary proof.[24]  In determining the factual sufficiency of the
elements of the offense, we view all the evidence naturally, not through the
prism of the light most favorable to the prosecution.[25]  However, we approach a factual sufficiency
review with appropriate deference to avoid substituting our judgment for that
of the factfinder.[26]  Exercise of our authority to disagree with
the factfinder=s determination is appropriate only when
the record clearly indicates our intervention is necessary to stop a manifest
injustice.[27]  Every fact need not point directly and
independently to the accused=s guilt.[28]  Additionally, the jury is free to resolve
conflicts in testimony.[29]








The record reflects that T. testified
that appellant exposed his penis, grabbed T=s head and forced it down toward appellant=s penis. 
The victim also testified that appellant asked whether the two boys
wanted to Asuck@ his penis and that appellant grabbed T=s head. 
Several witnesses, including R.G., testified that the boys were visibly
upset immediately following the two alleged bathroom incidents.  Viewed in the light most favorable to the
verdict, a rational trier of fact could have found beyond a reasonable doubt
the Aintent to arouse or gratify@ element of indecency with a child.[30]  We therefore conclude that the evidence is
legally sufficient to support appellant=s conviction for indecency with a child.[31]  

In reviewing the evidence in a neutral
light, the victim and T. testified that appellant exposed his genitals and that
appellant asked whether they wanted to touch his penis.  Although there was some conflict in testimony
between the boys regarding what exactly had occurred during the two bathroom
incidents, the jury was free to resolve conflicts in this testimony.  Further, the jury was free to infer appellant=s mental state from his acts, words, and
conduct and from the circumstances surrounding the acts in which he engaged.[32]  Viewing the evidence in a neutral light, we
conclude that the evidence is not too weak to support a finding of guilt beyond
a reasonable doubt, and contrary evidence was not so strong that the State
could not have proven guilt beyond a reasonable doubt.[33]          Because
the evidence is legally and factually sufficient to support appellant=s conviction for indecency with a child,
appellant=s fourth issue is overruled.








In appellant=s fifth issue, he challenges the
proportionality of his two concurrent life sentences.  To preserve error for appellate review, the
complaining party must make a timely, specific objection.[34]  Even constitutional errors may be waived by
the failure to object at trial.[35]  Because appellant failed to object in the
trial court that his two concurrent life sentences violated his constitutional
rights, error is waived.[36]  Accordingly, appellant=s fifth issue is overruled.

We affirm appellant=s convictions.  

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex. R. App. P.
47.2(b)

Memorandum Opinion delivered and 

filed this the 28th_day of July, 2005.











[1] 
See Tex. Pen. Code Ann. _ 21.11(a)(2)(A) (Vernon 2003).





[2] 
See Tex. Pen. Code Ann. __ 22.021(a)(1)(B)(ii), 15.01 (Vernon
2003 and Supp. 2004-05).





[3] 
Although appellant cites seven issues on appeal, for clarity we will
address all of his arguments in five issues. 






[4] See Tex. R. App. P. 25.2(a)(2). 






[5] See Tex. R. App. P. 47.4.  





[6] See Montgomery v. State,
810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (op. on reh=g) (en banc).  





[7] See Cohn v. State, 849
S.W.2d 817, 819 (Tex. Crim. App. 1993).





[8] 
See Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).





[9] 
See Tex. R. App. P. 44.2(b).  





[10] 
See id.  





[11] 
See Tex. R. Evid. 611(c).





[12] 
See Wyatt v. State, 23 S.W.3d 18, 28 (Tex. Crim. App. 2000).





[13] 
See id. 





[14] 
See Rodriguez v. State, 997 S.W.2d 640, 643 (Tex. App.BCorpus Christi 1999, no pet.).





[15] 
See id.  





[16] 
See Rodriguez, 997 S.W.2d at 643.





[17] 
See Tex. Pen. Code Ann. __ 22.021(a)(1)(B)(ii), 15.01 (Vernon
2003 and Supp. 2004-05).





[18]  See Tex.
R. App. P. 38.1(h). 





[19] 
See Tex. Pen. Code Ann. _ 21.11(a)(2)(A) (Vernon 2003).





[20] 
See Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App.
2004).  





[21] 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997).  





[22] 
See Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (en
banc).





[23] 
See Adi v. State, 94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002, pet. ref=d). 






[24] 
See Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex. Crim. App.
2003).  





[25] 
See Johnson, 23 S.W.3d at 6-7. 






[26] 
See id.  





[27] 
See id.  





[28] 
See Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981). 





[29] 
See Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998) (en banc).





[30] 
See Johnson,
23 S.W.3d at 7.





[31] 
See id.





[32] 
See Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App.
1991) (en banc).  





[33] 
See Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App.
2004).





[34] 
See Tex. R. App. P. 33.1(a);
Hull v. State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002); Turner v.
State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).  





[35] 
See Curry v. State, 910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995)
(explaining that a failure to raise an Eighth Amendment objection at trial
waives any such claim on appeal).  





[36] 
See Tex. R. App. P. 33.1(a).