IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00330-CR

No. 10-05-00332-CR

 

Ray Arthur Embree,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court Nos. 28337-CR
and 28338-CR

 



MEMORANDUM Opinion



 

            Ray Embree was charged by
indictment with two counts of indecency with a child and by separate indictment
with three counts of aggravated sexual assault of a child.  The two cases were
tried together.  A jury found him guilty on the indecency counts and on two of
the aggravated sexual assault counts.  He was sentenced to twenty years’
imprisonment in the indecency case (Trial Court No. 28337-CR; Appeal No.
10-05-00330-CR) and to fifty years’ imprisonment in the aggravated sexual
assault case (Trial Court No. 28337-CR; Appeal No. 10-05-00332-CR), with the
sentences to be served concurrently.  Embree appeals both convictions.  Except
for a double-jeopardy complaint in the aggravated sexual assault case, he
asserts identical issues in both appeals.  We will affirm.

            In his first issue in each
appeal, Embree claims that the trial court erred by denying him assistance of
counsel during the postjudgment period for filing a motion for new trial.  The
time period for filing a motion for new trial is a critical stage of a criminal
proceeding in which defendants are entitled to assistance of counsel.  Barnett
v. State, 76 S.W.3d 739, 741 (Tex. App.—Waco 2002, pet. ref’d); Prudhomme
v. State, 28 S.W.3d 114, 119 (Tex. App.—Texarkana 2000, no pet.); see
Sossamon v. State, 110 S.W.3d 57, 60 (Tex. App.—Waco 2002, pet. ref’d).

Embree had retained trial counsel.  The
trial court’s standing pretrial order specifically informed trial counsel that
she was responsible for filing a notice of appeal or obtaining a written waiver
of the right to appeal in the event of a conviction.  Trial counsel did not
file a motion to withdraw or a motion to substitute counsel.  After the trial
court sentenced Embree on July 12, 2005, he filed a pro se motion for new trial
on August 3.  In a letter dated August 11 (the last day on which a timely
motion for new trial could have been filed) and received by the trial court
clerk on August 12, Embree’s trial counsel wrote the trial court, stating that
she would not be representing Embree on appeal.  Another attorney, in an August
11 letter to the trial court and received by the trial court clerk on August
12, stated that he had been contacted about representing Embree on appeal, but
that he had not been retained.  On August 12, the trial court appointed appellate
counsel for Embree.  In subsequently denying Embree’s motion for leave to amend
or adopt the pro se motion for new trial, the trial court noted on the order
that Embree had been represented by retained or appointed counsel at all times.

“When the record does not reflect that
trial counsel withdrew or was replaced by new counsel after sentencing, there
is a rebuttable presumption that trial counsel continued to effectively
represent the defendant during the time limit for filing a motion for new trial.” 
Prudhomme, 28 S.W.3d at 119 (citing Smith v. State, 17 S.W.3d 660,
662-63 (Tex. Crim. App. 2000); Oldham v. State, 977 S.W.2d 354, 363
(Tex. Crim. App. 1998)).  This presumption is not rebutted when nothing in the
record suggests otherwise.  Smith, 17 S.W.3d at 662-63; Oldham, 977 S.W.2d at 363.  

The record shows that Embree was
represented by his retained trial counsel during the time period for filing
a motion for new trial, and her August 11 letter that she would not be
representing Embree “on his appeal” does not rebut that showing or the
presumption.  Nor does Embree’s pro se motion for new trial.  See Smith,
17 S.W.3d at 662-63 (presumption not rebutted where defendant filed pro se
notice of appeal in which he alleged counsel was ineffective and defendant
subsequently appeared without counsel to sign a pauper’s oath and to request
new counsel); Oldham, 977 S.W.2d at 363 (presumption not rebutted where
defendant filed a pro se notice of appeal and an affidavit of indigency on the
twenty-eighth day after sentencing and, on the twenty-ninth day, a notation was
made in a court document stating the attorney of record on appeal was “to be
determined”); see also Yarbrough v. State, 57 S.W.3d 611, 613-18 (Tex.
App.—Texarkana 2001, pet. ref’d) (holding that defendant did not rebut
presumption of effective assistance).  We overrule Embree’s first issue in each
appeal.

Issue three in the indecency case and
issue two in the aggravated sexual assault case identically complain that the
trial court erred by allowing the State to lead the complainant, N.K., who was
age six.  The State asked N.K. numerous leading questions, but Embree’s trial
counsel objected only once, and that was to:  “Was that at the same time he was
touching you on your private parts?”  The trial court overruled that objection.

“Leading questions are questions that
suggest the desired answer, instruct the witness how to answer, or put words
into the witness’s mouth to be echoed back.  But a question is not leading
simply because it can be answered ‘yes’ or ‘no.’  A question is impermissibly
leading only when it suggests which answer, ‘yes’ or ‘no’, is desired.”  Tinlin
v. State, 983 S.W.2d 65, 70 (Tex. App.—Fort Worth 1998, pet. ref’d)
(citations omitted).  Further, when a child witness testifies, the rule (Rule
of Evidence 611(c)) against leading questions is relaxed.  See, e.g.,
Rodriquez v. State, 997 S.W.2d 640, 643 (Tex. App.—Corpus Christi 1999, no
pet.).

The one question objected to was not a
leading question, and the trial court did not abuse its discretion in
overruling the objection.  Embree’s trial counsel did not object to the State’s
numerous leading questions.  To preserve a complaint for appellate review, the
complaining party must make a timely and specific objection.  Tex. R. Evid. 103(a)(1); Tex. R.
App. P. 33.1(a); Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  Generally,
a party must object each time that allegedly inadmissible evidence is offered
or obtain a running objection.  Valle, 109 S.W.3d at 509; Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991).  By not objecting to each leading question, Embree has not preserved his
complaint for appellate review.  We overrule issues three and two,
respectively.

Issue four in the indecency case and
issue three in the aggravated sexual assault case identically complain that the
trial court erred in not holding a competency hearing under Texas Rule of
Evidence 601 for N.K.  Embree had filed a pretrial motion for a hearing to
determine N.K.’s competency to testify at trial, but the trial court indicated
it would do so at trial.  When N.K. was called to testify at trial, the State
asked a series of preliminary questions to establish N.K.’s competency. 
Embree’s trial counsel did not request a competency hearing or object to N.K.’s
competency.  Embree has not preserved this complaint for appellate review.  See,
e.g., Hill v. State, 3 S.W.3d 249, 253 (Tex. App.—Waco 1999, pet. ref’d).  We overrule issues four and three,
respectively.

In issue six of the indecency case and
issue five of the aggravated sexual assault case, Embree asserts that the
evidence is legally insufficient because there was no evidence of four separate
and distinct criminal acts on three different days and evidence was only
presented as to the cumulative acts of one day.  When reviewing a legal sufficiency issue, we must
determine whether, after viewing all the evidence in the light most favorable
to the verdict, any rational jury could have found the essential elements of
the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  We do not resolve any
conflict of fact or assign credibility to the witnesses, as this was the jury’s
function.  See Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App.
1999).  Our duty is to determine if the jury’s finding is
rational by viewing all of the admitted evidence in the light most favorable to
the verdict.  Adelman v. State, 828 S.W.2d 418, 422 (Tex. Crim. App.
1992).  Any inconsistencies in the evidence are resolved in favor of the
verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In the indecency case, Embree was
charged in count one with touching N.K.’s anus and in count two with touching
N.K.’s genitals, with both offenses occurring on or about September 1, 2003.  In
the aggravated sexual assault case, count one alleged penetration of N.K.’s
sexual organ by Embree’s finger on or about August 15, 2003, and count two
alleged penetration of her anus by Embree’s finger on or about August 25, 2003
(the State abandoned count three at trial).  N.K. testified to several separate
incidents when Embree touched her “private parts” and to other incidents when
his touching proceeded to penetration of her sexual organ and anus.  She
described two separate touching incidents that occurred in the living room on
the couch in Embree’s home.  She later described conduct that occurred in
Embree’s bathroom and in a bed.  She never testified that all the conduct
occurred on the same day.  After describing the events on the couch, N.K. was
asked if she “ever” went to a bed with Embree.  She answered yes and testified
that Embree stuck his finger in her.  She also said that Embree had her touch
his “privates” while they were on the bed.  Thus, N.K. only said that Embree
made her touch his privates on the same day they were in the bed together; she
did not say they were in bed on the same day they were on the couch together.  
Also, a SANE nurse testified that N.K. had told her that Embree had “digged” in
her female sexual organ and her anus and that he had touched her genitals and
buttocks over her clothes many times.

Considering all the evidence in the
light most favorable to the jury’s verdict, we find that a rational trier of fact
could have found beyond a reasonable doubt that Embree committed the two counts
of aggravated sexual assault and the two separate acts of indecency.  The
evidence is legally sufficient.  We
overrule issues six and five, respectively.

In issue five of the indecency case and
issue four of the aggravated sexual assault case, Embree asserts that the
evidence is factually insufficient.  In a factual sufficiency review, we view
all of the evidence in a neutral light and consider only whether a jury was
rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  There are two ways in
which the evidence may be insufficient.  Id.  First, when considered by
itself, evidence supporting the verdict may be too weak to support the finding
of guilt beyond a reasonable doubt.  Id.  Second, there may be both
evidence supporting the verdict and evidence contrary to the verdict.  Id.  Weighing all the evidence under this balancing scale, the contrary evidence may
be strong enough that the beyond-a-reasonable-doubt standard could not have
been met, so the guilty verdict should not stand.  Id. at 485.  This
standard acknowledges that evidence of guilt can preponderate in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.  Id.  Zuniga also reminds us that we must defer to
the jury’s determination.  See id. at 481.  The jury determines the
credibility of the witnesses and may “believe all, some, or none of the
testimony.”  Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App.
1991).  The evidence is not factually insufficient merely because the jury resolved
conflicting views of evidence in favor of the State.  Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997).

An investigator with the district
attorney’s office said that she assisted with an interview of five-year-old N.K.
at the Ellis County Children’s Advocacy Center after N.K. made a sexual abuse
outcry.  N.K. was examined by a SANE nurse, who said that N.K. told her that
Embree had “digged” in her
female sexual organ and her anus and that he had touched her genitals and
buttocks over her clothes many times.  N.K.’s exam was normal, but the nurse
explained that the genital area heals quickly.  Because N.K. had not bled and
it had been more than a month since the last event, the nurse had not expected to
see any physical injuries.  The nurse diagnosed sexual abuse based on the
child’s outcry; the nurse said that a five-year-old child describing such acts
has either had them happen or been exposed to them.  N.K.’s mother also
reported that N.K. had trouble sleeping, decreased attention span at school,
and sexual acting out with another young child.  As discussed above, N.K.
testified that Embree touched her private parts, stuck his finger inside her,
and made her touch his private part.  Embree’s wife admitted that Embree
babysat N.K. and other young children without other supervision.

Controverting evidence was offered by
Embree’s wife and stepdaughter.  They testified that N.K. had made sexual abuse
outcries against others, that N.K.’s mother did not like Embree, and that
N.K.’s mother had a vendetta against Embree and his wife.  N.K.’s aunt said
that N.K. never acted afraid of Embree and always ran to and hugged him.  

A complainant’s testimony alone is
sufficient to support a conviction for indecency with a child or aggravated
sexual assault of a child.  Tex. Code
Crim. Proc. Ann. art. 38.07 (Vernon 2005) (requirement that victim
inform another person within one year does not apply to person under 17 at time
of offense); see Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App.
1978).  N.K. testified that Embree committed the alleged offenses, and the SANE
nurse testified about N.K.’s descriptions of Embree’s acts.  The jury was able
to judge N.K.’s demeanor and credibility, and it was free to believe N.K. and
to disbelieve the defense’s controverting testimony.  Considering all of the
evidence in a neutral light, we cannot say that the jury was not rationally
justified in finding Embree guilty.  Zuniga, 144 S.W.3d at 484.  The
evidence supporting the finding of guilt, considered alone, was not too weak to
support the finding beyond a reasonable doubt, and the contrary evidence was
not so strong that guilt could not be proved beyond a reasonable doubt.  See
id. at 484-85.  The evidence is factually sufficient.  We overrule issues five and four,
respectively.

In issue two of the indecency case, Embree
alleges that he was subjected to double jeopardy because he was convicted of
two counts of indecency and two counts of aggravated sexual assault, and there
was evidence of only one offense where N.K. alleged that Embree touched her
genital and anal areas in the same course of conduct of penetrating her
genitals and anus, thereby subjecting Embree to being punished numerous times
for the same offense.  See, e.g., Ochoa v. State, 982 S.W.2d 904, 906-07
(Tex. Crim. App. 1998).

To assert a double jeopardy claim on
appeal, it must have first been raised in the trial court unless “the
undisputed facts show the double jeopardy violation is clearly apparent on the
face of the record and when enforcement of usual rules of procedural default
serves no legitimate state interests.”  Gonzales v. State, 8 S.W.3d 640,
643 (Tex. Crim. App. 2000).  As we discussed in Embree’s legal insufficiency
issues, there is ample evidence of multiple sexual offenses, some involving
touching (indecency) and some involving penetration.  Unlike Ochoa,
there is not just one touching that proceeded to penetration.  Because Embree’s
alleged double jeopardy violation—if there even is one—is not clearly apparent
from the face of the record, he cannot raise it for the first time on appeal.  We
overrule issue two in the indecency case.

Having overruled all issues in both
appeals, we affirm the judgments in each case.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed August 30, 2006

Do
not publish

[CRPM]