NO. 07-08-0449-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 28, 2009



______________________________





HORCE LEE ROGERS A.K.A. HORACE LEE HOOD, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;



NO. 997H; HON. RON ENNS, PRESIDING



_______________________________



Before CAMPBELL, HANCOCK and PIRTLE, JJ.
Abatement and Remand
Â Â Â Â Â Â Â Â Â Â Following a plea of not guilty, appellant, Horace Lee Rogers a.k.a. Horace Lee
Hood, was convicted by a jury of burglary of a habitation, enhanced, and sentenced to 35
years incarceration in the Texas Department of Criminal Justice, Institutional Division. The
clerkâs record was filed on January 21, 2009.
Â Â Â Â Â Â Â Â Â Â Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter
a Certification of Defendantâs Right of Appeal each time it enters a judgment of guilt or
other appealable order. Tex. R. App. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d
906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not
been made part of the record under the applicable rules. Tex. R. App. P. 25.2(d). An
appellate court that has an appellate record that includes a certification is obligated to
review the record to ascertain whether the certification is defective. Dears v. State, 154
S.W.3d 610, 615 (Tex.Crim.App. 2005). 
Â Â Â Â Â Â Â Â Â Â Pursuant to an amendment to Rule 25.2(d), which became effective on September
1, 2007, the certification of defendantâs right of appeal must be signed by the defendant
and a copy must be given to him. Tex. R. App. P. 25.2(d). Additionally, the certification
shall include a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.


 
Â Â Â Â Â Â Â Â Â Â The certification contained in the clerkâs record does not contain the defendantâs
signature. Furthermore, it does not reflect whether a copy of the certification was given to
the defendant nor does it indicate whether the defendant was given the required
admonishments. Therefore, the certification on file is defective.
Â Â Â Â Â Â Â Â Â Â Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a Certification of Defendantâs Right of Appeal in compliance with Rule 25.2(d). 
Once properly executed, the certification shall be included in a supplemental clerkâs record
and filed with the Clerk of this Court on or before March 16, 2009.
Â Â Â Â Â Â Â Â Â Â This order constitutes notice to all parties of the defective certification pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 37.1. If a
supplemental clerkâs record containing a proper certification is not filed in accordance with
this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P.
25.2(d).
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Per Curiam
Â 
Do not publish.



etion in the conduct
of voir dire examination. The voir dire process is "designed to insure, to the fullest extent
possible, that an intelligent, alert, disinterested, impartial, and truthful jury will perform the
duty assigned to it." Armstrong v. State, 897 S.W.2d 361, 363 (Tex.Cr.App. 1995) (en
banc). Appellant does not argue that the prosecutor's questions improperly sought to
inflame any bias or prejudice of the prospective jurors nor that they constituted an improper
appeal to ignore any of appellant's constitutional rights. Counsel's conduct and the court's
supervision of voir dire is subjective and case specific and we decline to attempt to "micro
manage" that stage of the trial and accordingly, can only review it for abuse of discretion. 
Appellant does not contend the trial court abused its discretion. Considering that appellant
does not contend that any of his constitutionally guaranteed rights were implicated by the
alleged erroneous voir dire, his third point is overruled. 

 By his first point, appellant contends the trial court erred in denying his motion for
mistrial after the State inserted appellant's status as an illegal alien into the case without
reason and contrary to our decision in the prior case. (1) We disagree. The State called
Mitchell Matthews as a witness. (2) During his brief testimony, (3) he testified that on the night
of the offense, he visited with the nurse at the hospital. Then, when asked by the
prosecutor what he did after visiting with the nurse, he testified:

 I contacted my captain and advised that we did appear to have a sexual
assault, and advised him that our suspect was an illegal immigrant in Texas. 
 

Appellant's counsel promptly objected to the testimony as being irrelevant which was
sustained. Also, the trial court granted counsel's motion to strike the answer but denied
counsel's motion for mistrial. After the witness was excused and the jury was granted a
recess, appellant's counsel re-urged the motion for mistrial. In response, the prosecutor
advised the court he had previously admonished the witness to avoid making any
reference to appellant's status as an illegal alien, but did not have time before calling the
witness to remind him of the admonishment. After denying the motion for mistrial again
by implication, the trial court said:

 All right. Do you wish any further instruction, Mr. Lopez, from the court to the
jury, to disregard any kind of reference to the immigration status?


In response, trial counsel replied:


 No, Sir. I think at that point it would be maybe to recall something I'm hoping
that they forget.


 The denial of a motion for mistrial is reviewed under an abuse of discretion
standard. Trevino v. State, 991 S.W.2d 849, 851 (Tex.Cr.App. 1999). Where the decision
to deny a motion for mistrial is within the zone of reasonable disagreement, an abuse of
discretion is not shown. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App. 1990). 
Here, after the single reference to appellant's status as an illegal alien, it was not
mentioned again. Moreover, the trial court asked counsel if he desired an instruction to
the jury to disregard the comment, but counsel preferred that no instruction be given. As
in Richards v. State, 912 S.W.2d 374 (Tex.App.--Houston [14th Dist.] 1995, pet. ref'd) and
Sperling v. State, 924 S.W.2d 722 (Tex.App.--Amarillo 1996, pet. ref'd), because the
reference was an isolated reference, we conclude that an instruction to disregard would
have been sufficient and thus conclude the trial court did not abuse its discretion in
denying the motion for mistrial. Appellant's first point is overruled.

 By his fifth and final point, appellant contends his trial counsel was ineffective in
presenting his case by failing to perform at an objectively reasonable level, and but for trial
counsel's non-strategical errors the verdict is questionable. We disagree. A claim of
ineffective assistance of counsel is reviewed under the standard set out in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). (4) Under Strickland, a
defendant must establish that (1) counsel's performance was deficient (i.e., fell below an
objective standard of reasonableness), and (2) there is a reasonable probability that but
for counsel's deficient performance, the result of the proceeding would have been different,
a reasonable probability being a probability sufficient to undermine confidence in the
outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); see also
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, appellant
must demonstrate that the deficient performance prejudiced his defense. Mitchell v. State,
68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Failure to make the required showing of either
deficient performance or sufficient prejudice defeats the ineffectiveness claim. Garcia v.
State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021, 115 S.Ct.
1368, 131 L.Ed.2d 223 (1995). 

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel, whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); see also
Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial
counsel's representation is highly deferential and presumes that counsel's conduct fell
within the wide range of reasonable and professional representation. Bone v. State, 77
S.W.3d 828, 833 (Tex.Cr.App. 2002); see alsoÂ Mallett v. State, 65 S.W.3d 59, 63
(Tex.Cr.App. 2001). Also, any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999).

 Before we commence our analysis of appellant's argument, we first focus on the
presumption that counsel's conduct fell within the wide range of reasonable and
professional representation. After his first conviction, appellant retained counsel to
represent him on direct appeal. Then, upon retrial, appellant again retained his appellate
counsel to represent him in his second trial presently under review with the assistance of
appointed counsel. By the reporter's record of the first trial and first appeal, counsel had
the uncommon opportunity to analyze the trial tactics of counsel at the first trial and to
develop his trial tactics by his knowledge of the evidence and the tactics of counsel for the
State and appellant at the first trial. 

 Appellant identifies numerous instances of alleged error which he claims
demonstrates he was denied effective assistance of counsel, to-wit:.


 Failure to have bench conferences recorded. Failure to request that
voir dire proceedings or bench conferences be recorded does not
constitute ineffective assistance as a matter of law. See Oliva v.
State, 942 S.W.2d 727, 733 (Tex.App.--Houston [14th Dist.] 1997,
pet. dism'd, 991 S.W.2d 803 (Tex.Cr.App. 1998).

 ÂLeading question to 12 year old victim. In cases dealing with child
victim/witness, the rule against leading questions is relaxed. 
Rodriguez v. State, 997 S.W.2d 640, 643 (Tex.App.-Corpus Christi
1999, no pet.).

 ÂExpert testimony bolstering victim's credibility. Results of nurse's
physical examination of victim not implicated. Schutz v. State, 957
S.W.2d 52, 69 (Tex.Cr.App. 1997) (en banc), cited by appellant not
applicable because it is limited to expert testimony on truthfulness
because it was in part based on a belief that psychology is not an
exact science.

 ÂFailure to call an expert without prior notice. Counsel references
nothing to show that even if called, expert testimony would have
been beneficial to appellant's position. Moreover, because the nurse
was called at the first trial, counsel had actual notice that she would
probably be called at the second trial.

 ÂFailure to prevent receipt of improper evidence. Apparently appellant
argues that evidence of his residence in a Hispanic community was
received and was harmful. However, because the trial court
appointed interpreters and other factors, the jury was aware of these
factors. 



Appellant's last two concerns, i.e., prosecutorial misconduct and counsel's opening of the
door and failing to shut it present matters which are extremely subjective and not readily
subject to any objective analysis. According to appellant, the "door was opened" regarding
his alcohol use when trial counsel tried to have a State's witness admit she did not like
him. However, it did demonstrate that the witness did not like him which the jury could
consider in determining her credibility. Regarding the alleged misconduct of the
prosecutor, appellant does not allege he made any appeal to race, religion, nationality, or
made any plea to inflame the minds of the jury. Even though some of the references to
appellant's state of undress, etc. might be considered to be in bad taste, appellant cites
no authority and we have found none which would prohibit any such argument considering
the charged offense and circumstances in the victim's home. Concluding that counsel's
performance was not deficient, appellant's fifth point is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish. 
1. See Ramirez v. State, 65 S.W.3d 156 (Tex.App.--Amarillo 2001, pet. ref'd).
2. At the time of the offense, Matthews was an officer with the Plainview Police
Department. At the time of the second trial, he was employed as an officer with the
Amarillo Police Department.
3. Testimony covered only five pages of the reporter's record.
4. The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507,
516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its
decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).